THE STATE, EX REL. MADDEN, *v.* BROWN, JUDGE.

(No. 86AP-246—Decided June 2, 1987.)

*George W. MacDonald* and *Russell A. Moorhead,* for relator Harold Madden.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Richard A. Green,* for respondent William F. Brown.

REILLY, J. Relator has filed this original action requesting that this court grant a writ of mandamus ordering respondent to allow relator's claim for compensation under the Victims of Crime Act to proceed on its own merits and without regard to R.C. 2743.60 (E), which forbids an award to a claimant who has been convicted of a felony within the ten years prior to being injured as a result of criminal conduct.

The cause was referred to a referee pursuant to Civ. R. 53. The referee filed a report, including findings of fact, conclusions of law and a recommendation that the writ of mandamus be denied.

Relator filed objections raising essentially the same arguments presented to the referee that R.C. 2743.60(E) is a bill of attainder, retroactive and an ex post facto law, and that the statute violates the Equal Protection Clause. This court, upon independent review of the claim file and the referee's report, hereby adopts the referee's findings of fact and conclusions of law.

The class of persons under R.C. 2743.60(E) who are disqualified from compensation consists of those who have committed a felony within ten years prior to being injured by criminal misconduct. This classification is rationally related to the permissible state objective of directing limited funds to those persons most deserving of an award of reparations since not every victimized person can be compensated. R.C. 2743.60(E) bears a rational relationship to this objective since it serves to exclude from the receipt of reparations those persons who have committed serious crimes within a certain time period and are more disposed as a class to commit additional serious crimes thereby further draining the fund.

In sum, the class which is in part responsible for those victims who are compensated from the fund should not be permitted as a class to benefit from the fund. The fact that certain indi-

vidual members of the class might be treated unfairly is not dispositive as long as the class as a whole is rationally treated. *Dandridge* v. *Williams* (1970), 397 U.S. 471. Thus, relator's equal protection argument is not well-taken.

Relator's contention that R.C. 2743.60(E) is retroactive as applied to him is also without merit. Essentially, relator contends that R.C. 2743.60(E) has attached a "new disability" with respect to his felony conviction which occurred prior to the amendment. The right to apply for reparations under the Victims of Crime Act, however, arises at the time of the criminally injurious conduct. In this case, relator suffered injuries on July 9, 1983. R.C. 2743.60(E) was enacted approximately three months earlier on March 18, 1983. Hence, the statute was applied prospectively by the Court of Claims. Accordingly, relator's contention is not well-taken.

Relator contends that the statute imposes punishment by legislative act and consequently is a bill of attainder. Relator also maintains that since the statute exacts punishment for past misconduct, it therefore violates the constitutional prohibition against ex post facto laws. The validity of each of these contentions turns upon whether R.C. 2743.60(E), which disqualifies a particular class of felons from receipt of reparations, was enacted as a "punishment" or "penalty" in a constitutional sense for past misconduct.

It is recognized that the disqualification may bear harshly upon relator and impose burdensome consequences. Nevertheless, it does not constitute "punishment" from a constitutional perspective. Rather, the amendment furthers non-punitive goals. There is no evidence in the record that the thrust of the amendment is to inflict added punishment upon prior felons. The disqualification is regulatory as are the other disqualifications set forth in the statute limiting claims and awards. Moreover, considering the principles expressed in *Nixon* v. *Administrator of General Services* (1977), 433 U.S. 425, the amendment does not inflict forbidden punishment upon a specified individual or group. See, also, *United States* v. *Brown* (1965), 381 U.S. 437; *United States* v. *Lovett* (1946), 328 U.S. 303, 315-316; *In re Cowan* (1986), 27 Ohio Misc. 2d 12, 27 OBR 126, 499 N.E. 2d 937.

Relator relies upon *Cummings* v. *Missouri* (1866), 71 U.S. ( 4 Wall.) 277, and its companion case *Ex parte Garland* (1866), 71 U.S. (4 Wall.) 333. Both cases are distinguishable from this case.

*Cummings* involved absolute barriers to entry into certain professions unless the proper loyalty oath was taken. In that case, amendments to the Missouri Constitution provided that no one could engage in a number of specified professions unless the person swore that he had taken no part in the rebellion against the Union. At issue in the *Garland* case was a federal statute which required attorneys to take a similar oath before they could practice in federal court. The United States Supreme Court eliminated both provisions as bills of attainder because they were legislative acts which involved inflicting punishment on a specific group — clergy and lawyers for past conduct.

This case, however, involves the disqualification of relator from noncontractual state benefits, which, from a historical perspective, imposes none of the burdens previously associated with "punishment" under the Bill of Attainder Clause. Further, an ex-felon is not forever barred from filing an application for an award but is disqualified for a ten-year period following the conviction of a felony. Thus, for the reasons included in the referee's report, as well as those stated herein, R.C.

2743.60(E) is not a bill of attainder or an ex post facto law.

Accordingly, relator has failed to demonstrate that respondent abused his discretion or that respondent had a clear legal duty to process relator's claim. Thus, relator's request for a writ of mandamus is denied.

*Writ denied.*

BOWMAN and GEORGE, JJ., concur.

GEORGE, J., of the Ninth Appellate District, sitting by assignment in the Tenth Appellate District.