8

IN RE GUMPF.

(No. V87-72505 — Decided
April 26, 1989.)

Court of Claims,
Victims of Crime Division.

*Timothy J. Howard,* for the applicants.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Julie Ann Pope,* for the state of Ohio.

FRED J. SHOEMAKER, J.   The decedent, James D. Gumpf, Jr., was killed on October 31, 1986. The applicants are the decedent's mother and child. The single commissioner found that the applicants met the jurisdictional requirements necessary for an award of reparations; however, the single commissioner denied the application for an award because the victim had a prior felony record.

The Attorney General's investigation revealed that the decedent pleaded guilty to receiving stolen property, a felony of the fourth degree, on March 9, 1981. The criminally injurious conduct occurred within ten years after the felony conviction. The Attorney General recommended that the claim be denied based on R.C. 2743.60(E), which provides, in pertinent part, as follows:

"Neither a single commissioner nor a panel of commissioners shall make an award to a claimant who is a victim, or who claims an award of reparations through a victim, *who,* within ten years prior to the criminally injurious conduct that gave rise to the claim, was convicted of a felony * * *." (Emphasis added.)

The applicants objected to the decision of the single commissioner. A hearing was conducted on the applicants' objection, and a panel of commissioners affirmed the single commissioner's denial.

The applicants then filed a timely notice of appeal to a judge of this court claiming that the decision of the panel of commissioners was contrary to the facts and law. The applicants' brief argues that R.C. 2743.60(E) creates a classification which violates the equal protection guarantees of the federal and state Constitutions as it applies to dependents of a deceased victim.

The Attorney General argues in his brief that all constitutional questions regarding R.C. 2743.60(E) were finally determined by the decisions in *In re Cowan* (1986), 27 Ohio Misc. 2d 12, 27 OBR 126, 499 N.E. 2d 937, and *State, ex rel. Matz,* v. *Brown* (1988), 37 Ohio St. 3d 279, 525 N.E. 2d 805.

In both *Cowan, supra,* and *Matz, supra,* the claimant was the victim who had a prior felony record, and was injured by *criminally injurious conduct.* Both of the claimants in this case are innocent victims of crime. Neither claimant was involved in the death of James D. Gumpf, Jr.; neither claimant

has been determined to have committed a crime in her life; and each claimant has been emotionally and financially injured by the death of her son and/or father.

Courts should not pass upon the constitutionality of a statute where the cause before the court can be determined upon any theory other than that of constitutionality. *Ireland* v. *Palestine, Braffetsville, New Paris & New Westville Turnpike Co.* (1869), 19 Ohio St. 369, 372-373. Because of the factual differences in this case, a thorough examination of the statute is required to determine the merits of this appeal before deciding the constitutional issue as it relates to these claimants.

Should a statute have more than one possible interpretation, a court's commitment is to attempt to construe it in such a way as to preserve its validity. *State* v. *Berry* (1971), 25 Ohio St. 2d 255, 259, 54 O.O. 2d 374, 376, 267 N.E. 2d 775, 778.

"In the construction of a statute it is the duty of the court to breathe sense and meaning into it, to give effect to all its terms and provisions and to render it compatible with other and related enactments whenever and wherever possible." *Commonwealth Loan Co.* v. *Downtown Lincoln Mercury Co.* (1964), 4 Ohio App. 2d 4, 33 O.O. 2d 6, 211 N.E. 2d 57, paragraph two of the syllabus.

As a matter of statutory construction, as well as a matter of grammar and syntax, there exists a question as to what, or to whom, the emphasized *"who"* in R.C. 2743.60(E) refers. It could refer to the "claimant" (who is a victim, or who claims an award of reparations through a victim) *or* it could refer to the "victim" immediately preceding it. Regardless of the ambivalent syntax, the disjunctive interpretation best comports to rudimentary elements of English composition.

For example, where the legislature has intended that a disqualification apply to both the victim as well as the claimant, whoever might be involved in prosecuting the claim, it has said so in clear terms. Thus, in R.C. 2743.60 (F), the legislature prescribed a disqualification for contributory misconduct by stating, in pertinent part, as follows:

"In determining whether to make an award of reparations pursuant to this section, a single commissioner or panel of commissioners shall consider whether there was contributory misconduct *by the victim or the claimant.* A single commissioner or a panel of commissioners shall * * * deny a claim for an award of reparations *to the extent it is determined to be reasonable because of the contributory misconduct of the claimant or the victim.*" (Emphasis added.)

Thus, the legislature, had it chosen to employ a conjunctive connotation with respect to the disqualification by reason of the conviction of a felony within a ten-year period (hereinafter "ten-year felony conviction"), could have easily said in R.C. 2743.60(E):

"A single commissioner or a panel of commissioners shall deny a claim for an award of reparations, if it is determined that the claimant *or* the victim was convicted of a felony within a ten-year period prior to the commission of the criminally injurious conduct." (Emphasis added.)

Since it did not, the phraseology of the statute under consideration requires the court to choose between applying the disqualification of the ten-year felony conviction to either the non-claimant/victim or to the claimant/non-victim in a death case such as the matter now before us.

In our opinion, the recent pronouncements of the Court of Appeals for Franklin County and the Ohio Supreme Court virtually require a con-

struction which disqualifies the claimant/non-victim by reason of a ten-year felony conviction of the claimant, as opposed to a construction which disqualifies an "innocent" claimant by reason of a ten-year felony conviction of the victim. We note the following statements from both the Franklin County Court of Appeals and the Ohio Supreme Court in their explanation of the rationale for upholding the constitutionality of R.C. 2743.60(E) as applied to claimants-victims in two cases where no death or derivative claim was involved. In *State, ex rel. Madden,* v. *Brown* (1987), 35 Ohio App. 3d 119, 519 N.E. 2d 865, the court stated:

(a) "The class of persons under R.C. 2743.60(E) *who are disqualified from compensation* consists of those who have committed a felony within ten years prior to being injured by criminal misconduct. This classification is rationally related to the permissible state objective of directing limited funds to those persons most deserving of an award of reparations since not every victimized person can be compensated." (Emphasis added.) *Id.* at 119, 519 N.E. 2d at 866.

(b) "R.C. 2743.60(E) bears a rational relationship to this objective since it serves to *exclude from the receipt of reparations* those persons who have committed serious crimes within a certain time period and are more disposed as a class to commit additional serious crimes thereby further draining the fund." (Emphasis added.) *Id.*

(c) "In sum, *the class which is in part responsible for those victims who are compensated from the fund* should not be permitted as a class to benefit from the fund." (Emphasis added.) *Id.*

In *State, ex rel. Matz,* v. *Brown, supra* (37 Ohio St. 3d), at 280-281, 525 N.E. 2d at 807, the Ohio Supreme Court, in like tenor, stated:

"As previously stated, the ra-tionale to conserve governmental resources *by generally excluding persons associated with crime* is apparent on the face of the law. Conserving scarce resources is a legitimate purpose, and *excluding persons convicted or otherwise shown to have committed felonies promotes that purpose.* Therefore, the classification made by the law is reasonable and does not violate equal protection of the laws." (Emphasis added.)

If the court is correct in the disjunctive interpretation as postulated above, then each and every one of these statements of the court of appeals and the Ohio Supreme Court may only be rationally applied to a "ten-year felony" claimant/non-victim rather than the non-claimant/victim who is deceased and who can in no way benefit by any award in the case. To hold otherwise would require us (assuming the complete innocence of the deceased victim) to grant an award to an alleged dependent claimant, claiming from, through, or under such victim, notwithstanding such claimant has a felony record which would shock the conscience of the court. In the case at bar, the claimant and her children (depending upon investigation by the Attorney General) are presumably the innocent victims of the crime perpetrated against the decedent. In short, if we are to observe the rationale of the court of appeals and the Supreme Court, it is the claimant/non-victim who should be barred from participation in the fund by reason of the ten-year felony conviction. The deceased felon/victim, on the other hand, could hardly care less as to the disposition of his dependents' derivative claim in this court so that any retributive or exemplary effect of the statute is lost as applied to such a convicted felon. It may be worthy of observation that adopting the statutory interpretation advocated herein assures that no con-

victed (within ten years) felon can ever participate in the reparations fund. Furthermore, the sins of the parent will not be charged to his innocent children. Also in *Matz, supra,* at 280, 525 N.E. 2d at 806-807, the parties agreed that the statute did not create a suspect classification.

The court finds that the decision of the panel of commissioners is unlawful and unreasonable. This cause is hereby reversed and remanded to the single commissioner for further determination and referred back to the Attorney General for a new finding of fact and recommendation to be submitted sixty days from journalization.[1]

If the court's interpretation is in error, then serious constitutional questions, which were not necessary to address in *Matz,* must be considered regarding the Equal Protection guarantees of the federal and state Constitutions as applied to such applicants of a deceased victim.

*Decision reversed and cause remanded.*

---

[1] The holding in this case was applied in the following unreported cases: *In re Jackson* (Apr. 28, 1989), Ct. of Claims No. V86-38401; *In re Teague* (Apr. 28, 1989), Ct. of Claims No. V86-52829 (applicants are spouse and children of victim); and *In re Martinez* (Apr. 28, 1989), Ct. of Claims No. V87-66467 (victim is estranged husband of applicant).