### In re ROBINSON.

Court of Claims of Ohio,
Victims of Crime Division.

No. V94–64300.

Decided Aug. 16, 1996.

10

*Lester S. Potash,* for the applicant.

*Betty D. Montgomery,* Attorney General, for the state.

———————————

STRAUSBAUGH, Judge.

This matter came on to be considered upon applicant's appeal from the February 29, 1996, order issued by the panel of commissioners. The panel's determination reversed the decision of the single commissioner, which denied the applicant's claim for an award of reparations pursuant to R.C. 2743.60(E).

The commissioner had found that the applicant, Michael Robinson, was previously arrested for rape and kidnapping, prior to the criminally injurious conduct, though the cases were disposed of by *nolle prosequi* and a no bill. The single commissioner found that the disposition aspects of a no bill, or *nolle prosequi,* should not alter the single commissioner's judgment that the applicant engaged in felonious conduct. Further, the applicant was indicted on September 13, 1994, after the other criminally injurious conduct that gave rise to this claim, for attempted rape, kidnapping, and sexual penetration. In her brief, the Attorney General advised the panel that the applicant was convicted of abduction, a felony of the third degree, on April 5, 1995.

The panel found that it had not been proven, by a preponderance of the evidence, that the applicant engaged in felonious conduct within ten years prior to the criminally injurious conduct. The panel further held that based on *In re Butera* (1993), 63 Ohio Misc.2d 199, 620 N.E.2d 312, and because the applicant's felony conviction did not occur until after the criminally injurious conduct and was based on conduct that also occurred after the criminally injurious conduct, R.C. 2743.60(E) does not bar the claim.

Sub. H.B. No. 353, effective August 1, 1996, amended R.C. 2743.51, and 2743.60 to prohibit an award of reparations if the victim or claimant is convicted of a felony, or engages in felonious conduct during the pendency of the claim or if the victim, through whom a claimant claims an award, was convicted of a felony or engaged in felonious conduct within ten years prior to the criminally injurious conduct that is the basis of the claim.

Section 3 of Sub. H.B. No. 363 further stated:

"[N]otwithstanding sections 1.48 and 1.58 of the Revised Code, the amendments made by this act apply to a claim for reparations based on criminally injurious conduct that occurred after, before, or on the effective date of this act and for which no final order of reparations from the Court of Claims has been issued."

The effective date of this act was August 1, 1996. A judge of the Court of Claims is the final authority concerning claims under the Victims of Crime Act. A final order is issued when the judge's decision is journalized by the Court of Claims. Accordingly, Sub. H.B. No. 363 applies to the instant claim since a final order had not yet been issued prior to the effective date of the act.

Relevant portions of R.C. 2743.60(E), as amended, are as follows:

"Neither a single commissioner nor a panel of commissioners shall make an award to a claimant *if any of the following applies:*

"(1) *The* victim *was convicted of a felony within* ten years prior to the criminally injurious conduct that gave rise to the claim *or is* convicted of a felony *during the pendency of the claim.*

"(2) *The claimant was convicted of a felony within ten years prior to the criminally injurious conduct that gave rise to the claim or is convicted of a felony during the pendency of the claim.*

"(3) *It* is proved by a preponderance of the evidence presented to the commissioner or the panel *that the victim or the claimant* engaged, within ten years prior to the criminally injurious conduct that gave rise to the claim *or during the pendency of the claim,* in conduct that would constitute a felony under the laws of this state, another state, or the United States." (Emphasis added.)

The term "pendency of the claim" is defined in R.C. 2743.51(Q) as follows:

"*'Pendency of the claim' for an original reparations application or supplemental reparations application means the period of time from the date the criminally injurious conduct upon which the application is based occurred until the date a final order from the court of claims concerning that original reparations application or supplemental reparations application is issued.*" (Emphasis added.)

Therefore, the court finds that if the victim or applicant is convicted of a felony, or engages in felonious conduct, at any time before a final order is journalized by the single commissioner, panel of commissioners or judge of the Court of Claims, the claim is barred by R.C. 2743.60(E). In the instant claim, the Attorney General's investigative material indicates that the applicant was convicted of abduction, a felony of the third degree, on April 5, 1995, prior to a final order being issued by this court.

R.C. 2743.52(A) places the burden of proof on an applicant to satisfy the Court of Claims Commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374. The panel found, upon review of the evidence, that the Attorney General failed to present sufficient evidence to meet her burden of

proving that the claim should be denied pursuant to R.C. 2743.60(E). However, that finding was before Sub. H.B. No. 363 became effective.

The standard for reviewing claims appealed to the court is established by R.C. 2743.61, which provides, in part:

"If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that the decision of the commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon."

██ Upon review of the file in this matter, and in light of the recent amendment to the provisions under the Victims of Crime Act, the court finds that the decision of the panel of commissioners is no longer in accordance with the law and that the applicant has not shown, by a preponderance of the evidence, that he is entitled to an award of reparations.

Based on the evidence and R.C. 2743.61, it is the court's opinion that, although the decision of the panel of commissioners was not unreasonable or unlawful, it cannot be affirmed in light of Sub. H.B. No. 363. Therefore, this court reverses the decision of the three-commissioner panel, and hereby denies the applicant's claim.

Upon review of the evidence, the court finds that the order of the panel of commissioners must be reversed and the applicant's appeal must be denied.

IT IS HEREBY ORDERED THAT:

1. The order of February 29, 1996 is REVERSED;

2. This claim is DENIED and judgment entered for the state of Ohio;

3. Costs assumed by the reparations fund.

*So ordered.*

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, sitting by assignment.