

**In re SNOW.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V92–52789.

Decided Aug. 27, 1996.

*Michael D. Falleur,* for the claimant.

*Betty D. Montgomery,* Attorney General, for the state.

LEACH, Judge.

This matter came on to be considered upon applicant's appeal from the May 18, 1995 order issued by the panel of commissioners. The panel's determination set aside the decision of the single commissioner, which denied the applicant's claim for an award of reparations pursuant to R.C. 2743.60(E) and ordered the applicant, Emily F. Snow, to repay the November 30, 1992 judgment, in the amount of $7,612.50, pursuant to the subrogation provisions of R.C. 2743.72(A). The panel denied the applicant's claim pursuant to R.C. 2743.60(E), but held that the single commissioner had no authority to order repayment of an award.

R.C. 2743.52(A) places the burden of proof on an applicant to satisfy the Court of Claims Commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374. The panel found, upon review of the evidence, that the applicant failed to present sufficient evidence to meet her burden.

The standard for reviewing claims appealed to the court is established by R.C. 2743.61, which provides, in pertinent part:

"If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that the decision of the commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon."

Sub.H.B. No. 363 amended R.C. 2743.51, 2743.60, 2743.66, and 2743.72 to authorize the Attorney General to seek recovery of an award of reparations, if it was wrongfully paid or the applicant is compensated by a collateral source for the expenses covered by the award.

Furthermore, Section 3 of Sub.H.B. No. 363 declared that:

"[N]otwithstanding sections 1.48 and 1.58 of the Revised Code, the amendments made by this act apply to a claim for reparations based on criminally injurious conduct that occurred after, before, or on the effective date of this act and for which no final order of reparations from the Court of Claims has been issued."

 A judge of the Court of Claims is the final authority concerning claims under the Victims of Crime Act. A final order is issued when the judge's decision is journalized by the Court of Claims. The effective date of the act is August 1, 1996. Accordingly, Sub.H.B. No. 363 applies to the instant claim since a final order has not yet been issued.

The relevant sections of R.C. 2743.66(D) were amended to read as follows:

"(3) *The Attorney General may recover the award pursuant to section 2743.72 of the Revised Code if it is discovered that the claimant actually was not eligible for the award or that the award otherwise should not have been made under the standards and criteria set forth in sections 2743.51 to 2743.72 of the Revised Code.*

"(4) *If the claimant receives compensation from any other person or entity, including a collateral source, for an expense that is included within the award, the Attorney General may recover pursuant to section 2743.72 of the Revised Code the part of the award that represents the expense for which the claimant received the compensation from the other person or entity.*" (Emphasis added.)

 The opinion of the three-commissioner panel did not dispute the fact that the award of reparations should not have been paid due to the applicant's felonious conduct prior to the criminally injurious conduct.

Since the applicant actually was not eligible for the original award, the Attorney General may recover the award in the amount of $7,612.50 pursuant to R.C. 2743.72 and Sub.H.B. No. 363.

 Upon review of the file in this matter, the court finds that the panel of commissioners was not arbitrary in finding that the applicant did not show, by a preponderance of the evidence, that she was entitled to an award of reparations. However, in light of Sub.H.B. No. 363, and the single commissioner's order, the court finds that the single commissioner has ample authority pursuant to R.C. 2743.72(C) to order the applicant to repay the award to the state.

R.C. 2743.72(C), as amended, states:

*"If an award of reparations is made to a claimant under sections 2743.51 to 2743.72 of the Revised Code and if it is discovered that the claimant actually was not eligible for the award or that the award otherwise should not have been made under the standards and criteria set forth in sections 2743.51 to 2743.72 of the Revised Code, the Attorney General is entitled to recover the award from the claimant. To recover the award, the Attorney General may file a finding of fact and recommendation against the claimant with a court of claims commissioner. If, after filing the finding of fact and recommendation, the Attorney General proves that the claimant actually was not eligible for the award or that the award otherwise should not have been made under the standards and criteria set forth in sections 2743.51 to 2743.72 of the Revised Code, the court of claims shall enter an order against the claimant to repay the award to the state."* (Emphasis added.)

Accordingly, the panel's decision regarding the issue of repayment is reversed.

Therefore, this court affirms in part and reverses in part the decision of the three-commissioner panel, and hereby denies the applicant's claim. The court remands the claim to the single commissioner and refers the claim to the Attorney General to collect the monies wrongfully paid by virtue of the November 30, 1992 judgment in the amount of $7,612.50.

Upon review of the evidence, the court finds that the order of the panel of commissioners must be affirmed in part and reversed in part and the Attorney General's appeal must be granted.

IT IS HEREBY ORDERED THAT:

1. The order of May 18, 1995 is AFFIRMED in part and REVERSED in part;

2. This claim is DENIED and judgment entered for the state of Ohio;

3. This claim is REMANDED to the single commissioner and referred to the Office of the Attorney General to begin proceedings to recover the award wrongfully paid in the amount of $7,612.50;

4. Costs assumed by the reparations fund.

*So ordered.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.