

**IN RE DUNN.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V94–59659.

Decided Sept. 17, 1996.

*Michael J. Downing,* for the claimant.

*Betty D. Montgomery,* Attorney General, for the state.

---

L<small>EACH</small>, Judge.

This matter came on to be considered upon the Attorney General's appeal from the December 29, 1995, order issued by the panel of commissioners. The panel's determination reversed the decision of the single commissioner, which denied the applicant's claim for an award of reparations, pursuant to R.C. 2743.60(E), due to the decedent's felonious conduct within ten years prior to the criminally injurious conduct that gave rise to the applicant's claim.

The panel found that, pursuant to *In re Gumpf* (1989), 44 Ohio Misc.2d 8, 541 N.E.2d 501, applicant's claim is not barred by R.C. 2743.60(E) because of the deceased victim's felonious conduct.

Sub. H.B. No. 363, effective August 1, 1996, amended R.C. 2743.51 and 2743.60 to prohibit granting an award of reparations if the victim or claimant is convicted of a felony, or engages in felonious conduct during the pendency of the claim or if the victim, through whom a claimant claims an award, was convicted of a felony or engaged in felonious conduct within ten years prior to the criminally injurious conduct that is the basis of the claim.

Pursuant to the decision rendered in *In re Robinson* (Ct.Cl.1996), 86 Ohio Misc.2d 9, 684 N.E.2d 754, the court finds that Sub. H.B. No. 363 applies to the instant claim since a final order had not yet been issued prior to the effective date of the act.

■   Therefore, if the victim or applicant is convicted of a felony, or engages in felonious conduct at any time before a final order is journalized by the single commissioner, panel of commissioners or judge of the Court of Claims, the claim is barred by R.C. 2743.60(E). In the instant claim, the Attorney General's investigative material indicates that the victim, Terrance L. (decedent), committed a felonious act within ten years prior to the criminally injurious conduct and prior to a final order being issued by this court.

■   R.C. 2743.52(A) places the burden of proof on an applicant to satisfy the Court of Claims Commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4,8 OBR 63, 455 N.E.2d 1374. The panel found, upon review of the evidence, that the Attorney General failed to present sufficient evidence to meet her burden of proving the claim should be denied pursuant to R.C. 2743.60(E). However, that finding was before Sub. H.B. No. 363 became effective.

The standard for reviewing claims appealed to the court is established by R.C. 2743.61, which provides, in part:

"If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that the decision of the commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon."

Upon review of the file in this matter, and in light of the recent amendment to the provisions under the Victims of Crime Act, the court finds that the decision of the panel of commissioners is no longer in accordance with the law and that the applicant, Ruth D. Cayson, has not shown, by a preponderance of the evidence, that she is entitled to an award of reparations.

Based on the evidence and R.C. 2743.61, it is the court's opinion that, although the decision of the panel of commissioners was not unreasonable or unlawful, it cannot be affirmed in light of Sub. H.B. No. 363. Therefore, this court reverses the decision of the panel of commissioners and hereby denies the applicant's claim.

Upon review of the evidence, the court finds that the order of the panel of commissioners must be reversed and the Attorney General's appeal shall be granted.

IT IS HEREBY ORDERED THAT:

1. The order of December 29, 1995 is REVERSED;

2. This claim is DENIED and judgment entered for the state of Ohio;

3. Costs assumed by the reparations fund.

*So ordered.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.