**In re VAUGHN.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V95–36865.

Decided June 12, 1997.

*Beth A. Kolotkin*, for the applicant.

*Betty D. Montgomery*, Attorney General, for the state.

RUSSELL LEACH, Judge.

This matter came on to be considered upon the Attorney General's appeal from the June 24, 1996 order issued by the panel of commissioners. The panel's determination reversed the decision of the single commissioner that had denied applicant Michelle J. Vaughn–Johnson's claim for an award of reparations pursu-

ant to R.C. 2743.60(E), because decedent Tyrone R. Vaughn had been convicted of felonies within ten years of the criminally injurious conduct.

R.C. 2743.52(A) places the burden of proof on an applicant to satisfy the Court of Claims commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374.

The panel found that pursuant to *In re Gumpf* (1989), 44 Ohio Misc.2d 8, 541 N.E.2d 501, applicant's claim should not be denied pursuant to R.C. 2743.60(E) due to the felony convictions of the decedent. The panel acknowledged Sub.H.B. No. 363; however, it was noted that the law was not yet in effect.

Sub.H.B. No. 363, effective August 1, 1996, amended R.C. 2743.51 and 2743.60 to prohibit granting an award of reparations if the victim or claimant is convicted of a felony or engaged in felonious conduct during the pendency of the claim or if the victim, through whom a claimant claims an award, was convicted of a felony or engaged in felonious conduct within ten years prior to the criminally injurious conduct that is the basis of the claim.

Sub.H.B. No. 363, Section 3, provides:

"The General Assembly declares that, notwithstanding sections 1.48 and 1.58 of the Revised Code, the amendments made by this act apply to a claim for reparations based on criminally injurious conduct that occurred after, before, or on the effective date of this act and for which no final order of reparations from the Court of Claims has been issued."

The court has previously found in *In re Robinson* (1996), 86 Ohio Misc.2d 9, 684 N.E.2d 754, that a judge of the Court of Claims is the final authority concerning claims under the Victims of Crime Act and that a final order is issued when the judge's decision is journalized.

The term "pendency of the claim" is defined in R.C. 2743.51(Q) as follows:

" 'Pendency of the claim' for an original reparations application or supplemental reparations application means the period of time from the date the criminally injurious conduct upon which the application is based occurred until the date a final order from the court of claims concerning that original reparations application or supplemental reparations application is issued."

Therefore, if the victim or applicant is convicted of a felony or engaged in felonious conduct at any time before a final order is journalized by a judge of the Court of Claims, the claim is barred by R.C. 2743.60(E).

Applicant sets forth a plethora of constitutional challenges to the retrospective application of Sub.H.B. No. 363.

In a published opinion of this court, *In re Martinez* (1989), 61 Ohio Misc.2d 335, 337, 579 N.E.2d 293, 294–295, the court stated that a statute is prospective in application unless it is *expressly* made retrospective:

" 'The issue of whether a statute may *constitutionally* be applied retrospectively does not arise unless there has been a prior determination that the General Assembly has specified that the statute so apply. Upon its face, R.C. 1.48 establishes an analytical threshold which must be crossed prior to inquiry under Section 28, Article II.' (Emphasis [*sic*].) *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 106, 522 N.E.2d 489, 495. R.C. 1.48 states that '[a] statute is presumed to be prospective in its operation unless expressly made retrospective.' "

■ This court is in agreement that R.C. 1.48 is controlling on the issue. In this case, the requirements of the express language of retroactivity have been complied with in Section 3 of Sub.H.B. No. 363. The General Assembly clearly expressed its intention that R.C. 2743.60(E), as amended, apply to pending cases such as this matter now before the court on review, and that it intended for the sections to be applied retrospectively.

■ *Van Fossen, supra,* also holds that only those retroactive laws that impair substantive rights are unconstitutional.

Applicant directs the court's attention to the case of *In re McKinnon* (1984), 16 Ohio Misc.2d 4, 16 OBR 438, 476 N.E.2d 1101, which held that R.C. 2743.60(E), effective March 18, 1983, was not to be applied retroactively to cases in which the criminally injurious conduct occurred prior to that date, since applying such an application would impair a substantive right and create a new disability with respect to transactions or considerations in violation of Section 28, Article II, Ohio Constitution. However, the court notes that the *McKinnon* court was presented with the newly enacted exclusionary criteria of R.C. 2743.60(E). Sub.H.B. No. 363 merely refines the exclusionary rule of R.C. 2743.60(E) that has been in effect for over twelve years.

■ As the Tenth District Court of Appeals stated in *State ex rel Kirkwood v. Court of Claims of Ohio* (Mar. 6, 1997), Franklin App. No. 96APD04–456, unreported, 1997 WL 101676, "The doctrine of *stare decisis* is a principle of policy, not a mechanical formula of adherence to the latest decision." *Zoppo v. Homestead Ins. Co.* (1994), 71 Ohio St.3d 552, 555, 644 N.E.2d 397, 400, certiorari denied (1995), 516 U.S. 809, 116 S.Ct. 56, 133 L.Ed.2d 20. The court of appeals further held that the Court of Claims does not have a clear legal duty to apply previous decisions and failure to do so does not constitute an abuse of discretion.

Although the Supreme Court of Ohio in *State ex rel. Matz v. Brown* (1988), 37 Ohio St.3d 279, 525 N.E.2d 805, referred to *McKinnon* in dicta, the court went on

to state at 282, 525 N.E.2d at 808, that "felons have no reasonable right to expect that their conduct will never thereafter be made the subject of legislation." The court in *Matz* further held:

"[F]or purposes of analysis under Section 28, Article II, Ohio Constitution, we hold that a law that attaches a new disability to a past transaction or consideration is not a prohibited retroactive law unless the past transaction or consideration created at least a reasonable expectation of finality. Past felonious conduct is not such a transaction or consideration."

This court is compelled to follow the classification and treatment of persons engaging in felonious conduct as set forth in the holding in *Matz*. Accordingly, this court, in effect, overrules the decision rendered in *McKinnon* to the extent that it is inconsistent with this decision.

Applicant has also advanced the argument that R.C. 2743.60(E), as amended, unconstitutionally deprives her both of equal protection under the law and of due process.

■ The court finds that this retroactive statute does not affect a substantive right. As stated previously, the amendments to the statute merely refine an exclusionary rule, and they are therefore only procedural in nature.

■ R.C. 2743.60(E) does not create a suspect classification. All victims and claimants who have been convicted of a felony or engaged in felonious conduct are barred from participating in the Ohio Victims of Crime Compensation Program. The retroactive application of the statute is not a violation of equal protection, since the legislative classification of felons is rationally related to the legitimate government interest of conserving the limited funds of the Ohio Victims of Crime Compensation Program.

The court finds that Sub.H.B. No. 363 applies to this claim pending before the court and the retroactive application of the statute is not unconstitutional. In the instant claim, the Attorney General's investigative material indicates that the victim (decedent) was convicted of a felony within ten years of the criminally injurious conduct and prior to a final order being issued by this court.

R.C. 2743.52(A) places the burden of proof on an applicant to satisfy the Court of Claims commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374. The panel found, upon review of the evidence, that the applicant presented sufficient evidence to meet her burden of proof.

The standard for reviewing claims appealed to the court is established by R.C. 2743.61, which provides:

"If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that the decision of the commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon."

Upon review of the file in this matter, and in light of the recent amendment to the provisions under the Victims of Crime Act, the court finds that the decision of the panel of commissioners concerning the decedent's felonious conduct is no longer in accordance with the law and that the applicant has not shown by a preponderance of the evidence that she is entitled to an award of reparations.

Based on the evidence and R.C. 2743.61, it is the court's opinion that although the decision of the panel of commissioners with regard to the decedent's felonious conduct and the application of R.C. 2743.60(E) was not unreasonable or unlawful at the time it was issued, it cannot be affirmed in light of Sub.H.B. No. 363. Therefore, this court reverses the decision of the three-commissioner panel and hereby denies the claim pursuant to R.C. 2743.60(E).

Upon review of the evidence, the court finds that the order of the panel of commissioners must be reversed and the Attorney General's appeal must be granted.

IT IS HEREBY ORDERED THAT:

1.  The order of June 24, 1996 is REVERSED;

2.  This claim is DENIED, and judgment is entered for the state of Ohio;

3.  Costs assumed by the reparations fund.

*Judgment accordingly.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.