**In re FORD.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V92–82149.

Decided Oct. 3, 1997.

*Michael Dale Falleur* and *Henry Felix DeBaggis II,* for the applicant.

*Betty D. Montgomery,* Attorney General, for the state.

188

OPINION AND ORDER OF THREE-COMMISSIONER PANEL.

This appeal came to be heard before this panel of three commissioners on December 18, 1996 at 11:00 a.m. upon the Attorney General's July 26, 1996 objection to the July 23, 1996 decision of the single commissioner.

The single commissioner declined to adopt the Attorney General's December 27, 1995 recommendation to deny this claim pursuant to R.C. 2743.60(E), and to order repayment of a previously granted award of funeral expense in the amount of $2,500 (Warrant No. 4634965).

The Attorney General's recommendation was made after further investigation of the applicant's claim for dependent's replacement services loss revealed that decedent Cecilia L. Ford had tested positive for the presence of cocaine in her system at the time of her death. Although the recommendation to deny the entire claim was not adopted, the single commissioner concluded that no award could be granted for dependent's replacement services loss because applicant Willie Neal had failed to prove, by a preponderance of the evidence, that such loss had been incurred.

The Attorney General and the applicant's counsel attended the hearing and presented oral argument for this panel's consideration.

After careful review of the claim file, and with full consideration given to the oral argument presented at the hearing, this panel finds that the single commissioner properly addressed the issues and interpreted the law at the time his decision was rendered. Specifically, the Sub.H.B. No. 363 amendments to R.C. 2743.60(E) had not yet become effective, and the court was constrained to follow the judicial determination in *In re Gumpf* (1989), 44 Ohio Misc.2d 8, 541 N.E.2d 501. That case held that an applicant could not be denied an award as a result of felonious conduct on the part of the deceased victim.

Since the time of the single commissioner's decision, and prior to the hearing on this appeal, Sub.H.B. No. 363 was enacted. The amendments, and the subsequent judicial interpretations of their effect, have overruled the holding in *Gumpf, supra,* and have provided authority for repayment of prior awards. See, *e.g., In re Robinson* (1996), 86 Ohio Misc.2d 9, 684 N.E.2d 754; *In re Dunn* (1996), 86 Ohio Misc.2d 18, 684 N.E.2d 759; *In re Snow* (1996), 86 Ohio Misc.2d 14, 684 N.E.2d 757.

In the instant claim, the positive toxicology findings for the presence of cocaine in the decedent's system prove, by a preponderance, that she engaged in felonious conduct within ten years prior to the criminally injurious conduct. *In re Dawson* (1993), 63 Ohio Misc.2d 79, 619 N.E.2d 1225. Therefore, amended R.C. 2743.60(E)(3) provides an additional basis for denial of the applicant's claim for dependent's replacement services loss.

■  Although ample authority exists to deny *further* reparations, the majority of this panel is not convinced that the statutory amendments and judicial determinations provide a sufficient basis to order repayment of the previous award.  R.C. 2743.72(C) states:

"(C)  If an award of reparations is made to a claimant under sections 2743.51 to 2743.72 of the Revised Code and if it is *discovered* that the claimant actually was not eligible for the award or that the award otherwise should not have been made under the standards and criteria set forth in sections 2743.51 to 2743.72 of the Revised Code, the attorney general is entitled to recover the award from the claimant.  * * * " (Emphasis added.)

In the instant claim, neither of the two R.C. 2743.72(C) alternatives for recovery of the previous award exist.  The coroner's report and toxicology findings have been known to the Attorney General, and included in the court file, since the time of the initial investigation of this claim.  The existence of cocaine in the decedent's system was known at the time the $2,500 award was granted by the single commissioner on February 22, 1995.  The majority finds that, simply because Sub.H.B. No. 363 has since been enacted, existing evidence cannot now be "discovered" by the Attorney General and utilized as a basis for finding that an applicant "actually was not eligible" or that a prior award "should not have been made" under standards and criteria of the Victims of Crime Act. Moreover, at the time the award was granted, the court was bound by the determination in *Gumpf, supra.*  Accordingly, the award was properly granted at the time it was made.

Neither the Attorney General nor the applicant appealed the single commissioner's February 22, 1995 decision.  The majority of this panel finds that, consistent with the doctrine of *res judicata*, the single commissioner's order became final upon expiration of the thirty-day appeal period and cannot be relitigated at this time.  Notwithstanding the judicial definition of a "final order" expressed in *Robinson, supra,* and *Snow, supra,* we find that no repayment can be ordered in this case.  Thus, the decision appealed from shall be affirmed, and the Attorney General's objection is overruled.

IT IS THEREFORE ORDERED THAT:

1.  The July 23, 1996 order of the single commissioner is APPROVED and AFFIRMED;

2.  This claim is DENIED, and judgment is entered for the state of Ohio;

3.  Costs assumed by the reparations fund.

*Judgment accordingly.*

JAMES H. HEWITT III and KARL H. SCHNEIDER, Commissioners, concur.

PHILLIP E. PARISI, Commissioner, concurring in part and dissenting in part.

I concur with the decision reached by the majority to the extent that I also find that the Sub.H.B. No. 363 amendments and the judicial determinations in *Robinson, supra,* and *Dunn, supra,* provide an additional basis for denial of any further reparations in this case.

However, I dissent from the majority opinion in that I would order repayment of the prior award.

Section 3 of Sub.H.B. No. 363 states:

"[N]otwithstanding sections 1.48 and 1.58 of the Revised Code, the amendments made by this act apply to a claim for reparations based on the criminally injurious conduct that occurred after, before, or on the effective date of this act and for which no final order of reparations from the Court of Claims has been issued."

In the case of *In re Robinson, supra,* which was rendered shortly after the statutory amendments were enacted, a judge of this court relied on Section 3 and specifically addressed the issue of final orders. After noting that the judges are the highest appellate authority for claims under the Victims of Crime Act, the court found that an order is final when a judge's decision is journalized in a case. The decision in *Robinson* has been consistently followed in numerous cases since the enactment of Sub.H.B. No. 363. Therefore, since a final order has not been issued in this case, I would follow the precedent established by *Robinson* to order recoupment of the $2,500 award.