[Cite as *In re Howard*, 2009-Ohio-7219.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: LISA   HOWARD


LISA HOWARD

      Applicant


 Case No. V2008-30812

Commissioners:
Thomas H. Bainbridge, Presiding
Karl C. Kerschner
Lloyd Pierre-Louis

ORDER OF A THREE-COMMISSIONER PANEL

---

{1}On June 7, 2002, the applicant, Lisa Howard, filed a compensation application as the result of a criminal incident which occurred on May 6, 2002.  The application was assigned Claim No. V2002-35372 and an award in the amount of $126.05 was granted in that claim on October 3, 2002.  On April 17, 2003, the applicant, Lisa Howard, filed a compensation application as the result of criminal incidents which occurred between 2000 and 2003, and involved the same offender.  That claim was assigned Claim No. V2003-34552.

{2}The Attorney General, on its own, consolidated the two claims.  On September 12, 2003, the Attorney General issued a finding of fact and decision in Claim No. V2003-34552, denying the claim since the applicant's criminal background was in question.  Ultimately, on September 17, 2008, Claim No. V2003-34552 was denied because the applicant had been convicted of aggravated arson, a felony of the second degree on April 20, 2004, which was during the pendency of the claim.  The applicant's claim was denied pursuant to R.C. 2743.60(E)(1)(a).  Furthermore, the Attorney General modified its finding of fact and decision rendered on October 3, 2002 and

denied Claim No. V2002-35372.  On October 3, 2008, the applicant filed a notice of appeal from the Attorney General's Final Decision of September 17, 2008.  Hence, a hearing was held before this panel of commissioners on November 4, 2009 at 10:35 A.M.

{3}Assistant Attorney General Amy O'Grady appeared on behalf of the state of Ohio.   The applicant did not attend the hearing.

{4}The Attorney General made a brief statement for the panel's consideration. It is now the Attorney General's position that the award initially granted on October 3, 2002 in the amount of $126.05 should be paid and the claim should be remanded to the Attorney General for payment.   The Attorney General asserts that pursuant to R.C. 2743.72(C) and *In re Ford* (1997), 91 Ohio Misc. 2d 187, the applicant was legally entitled to the $126.05 at the time the decision was rendered, and that future actions by the applicant should not disturb that award.   Whereupon, the hearing was concluded.

{5}R.C. 2743.60(E)(1)(a) states:

"(E) (1) Except as otherwise provided in division (E)(2) of this section, the attorney general, a panel of commissioners, or a judge of the court of claims shall not make an award to a claimant if any of the following applies:

"(a) The victim was convicted of a felony within ten years prior to the criminally injurious conduct that gave rise to the claim or is convicted of a felony during the pendency of the claim."

{6}R.C. 2743.72(C) states:

"(C) If an award of reparations is made to a claimant under sections 2743.51 to 2743.72 of the Revised Code and if it is discovered that the claimant actually was not eligible for the award or that the award otherwise should not have been made under the standards and criteria set forth in sections 2743.51 to 2743.72

of the Revised Code, the fund is entitled to recover the award from the claimant."

{7}A panel of commissioners in *In re Ford*, *supra*, focused on the word "discovered" contained in R.C. 2743.72(C). In the *Ford* case, the disqualifying factor, cocaine in the decedent's bloodstream, had been known prior to the granting of the initial award. Therefore, that fact could not be "discovered" later to be used as a basis for her repayment of the award. Furthermore, the panel held that the initial decision had not been appealed and it became final upon the expiration of the thirty-day appeal period.

{8}From review of the file and with full and careful consideration given to the Attorney General's argument presented at the hearing, we find the applicant should be granted $126.05. We reach that conclusion based upon three factors. First, the applicant did not submit a supplemental application when she filed her second claim on April 17, 2003. The applicant believed that the incident involved in that filing was separate and apart from her initial application. The Attorney General also believed they were separate filings because each initially was assigned a separate claim number. It was only after the Attorney General began processing the second application when it discovered the felony conviction and the two claims were consolidated. Second, the award of the $126.05 occurred over a year and six months prior to the applicant's felony conviction for aggravated arson. Accordingly, the felony conviction could not have been discovered at the time the award was granted. Third, as in *Ford, supra*, the initial decision was final. Neither party appealed the initial claim and that award would have been paid if the Attorney General had an accurate forwarding address. Therefore the September 17, 2008 decision of the Attorney General is reversed. It should be noted that this reversal only concerns the payment of the $126.05, which was initially granted by the Attorney General on October 3, 2003. With respect to applicant's claim filed on April 17, 2003, the denial of the Attorney General is affirmed pursuant to R.C. 2743.60(E)(1)(a).

IT IS THEREFORE ORDERED THAT

{9}1)    The September 17, 2008 decision of the Attorney General is REVERSED in part and affirmed in part;

{10}2)    This claim is remanded to the Attorney General for payment of the award in the amount of $126.05 based upon the compensation application filed on June 7, 2002;

{11}3)    The claim based on the compensation application filed on April 17, 2003 is DENIED and judgment is rendered for the state of Ohio;

{12}4)    Costs are assumed by the court of claims victims of crime fund.

_____
THOMAS H. BAINBRIDGE
Presiding Commissioner


_____
KARL C. KERSCHNER
Commissioner


_____
LLOYD PIERRE-LOUIS
Commissioner

ID #I:\Victim Decisions to SC Reporter\Panel Decisions\2009\Nov-Dec 2009\V2008-30812 Howard.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Franklin County Prosecuting Attorney and to: