## WARD BAKING CO. v. TRIZZINO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8199. Decided Feb. 6, 1928.

Syllabus by Editorial Staff.

1225. **WARRANTY—956. Privity—Of Contract.**
Purchaser, from grocery man, of cake which contains injurious foreign substance such as needle, may recover, on implied warranty, from baker of such cake.
829. **NEGLIGENCE.**
In order to justify submission of question of negligence, it is sufficient to plead that defendant was negligent by reason of needle being imbedded in cake, and proof offered upon that point will raise question for decision by jury. Not necessary to resort to doctrine of res ipsa loquitur in order to justify such action by court.
753. **MEASURE OF DAMAGES.**
Jury has right to consider mental suffering caused by anxiety and fear of ensuing consequences while needle was in plaintiff's system.

Error to Common Pleas.
Judgment affirmed.

Mooney, Hahn, Loeser & Keough, Cleveland, for Ward Baking Co.
Buonpane & Marco, Cleveland, for Trizzino.

STATEMENT OF FACTS.
On the 25th day of October, 1925, defendant in error purchased a cake from a retail grocer by the name of Santinsky. This cake is described as a twelve cent cake, wrapped in a thin waxed paper covering and bearing the imprint "American Beauty Cake," together with the name of The Ward Baking Company. This cake was delivered in the usual manner. The usual custom is that the Baking Company's delivery-man delivers American Beauty cakes in paper boxes containing four cakes in number. At the time of the purchase, this particular cake was picked from the counter and handed to the injured, and thereafter taken by him to his rooming place nearby, where he removed the paper covering. After placing it upon the table he commenced to eat of the cake and, upon taking the second bite, felt a pricking sensation in the tongue. He went to St. Alexis Hospital that day, and thereafter, during the same day, he consulted with his physician, Dr. Geraci, who felt a foreign substance in the tip of his tongue. X-rays were taken and the injured was removed to St. Luke's Hospital where he remained for approximately 24 days, under observation, upon a

diet of liquids and bran. During this period, X-rays were taken at intervals, showing the movement of the needle through the stomach and the intestines, until it had been expelled from the system.

In the defendant in error's petition, upon which the case was tried and submitted, there are contained the following allegations:

"Plaintiff alleges that this said defendant impliedly warrants the wholesomeness and freedom from foreign and dangerous substances, of their cakes sold through the regular channels of trade, but, notwithstanding said warranty, the said cake contained a needle, which injured the plaintiff as hereinafter set forth.

"Plaintiff says that his injuries were a direct and proximate result of the defendant's negligence by reason of said needle being imbedded in said cake."

The Baking Company contends and urges that neither the pleadings nor evidence raised the issue of either implied warranty or negligence; that error was committed by the trial court in its refusal to arrest the testimony from the jury and direct a verdict for the Baking Company, and, by delivering instructions to the jury upon the questions of either implied warranty or negligence and by over-ruling the Baking Company's motion for a new trial. It is also urged that the verdict and judgment are against the evidence, so high and excessive as to demonstrate that the jury was influenced by passion and prejudice, super-induced by misconduct of counsel for the injured.

The petition of the injured alleged implied warranty, and originally alleged facts which would constitute negligence, if proved. These allegations of negligence were withdrawn from the petition by counsel for defendant in error, and there was substituted therefor an allegation that the Baking Company is negligent "by reason of said needle being imbedded in said cake." This allegation alone touches the negligence question.

It is urged by the Baking Company that the evidence clearly disclosed that the injured did not buy this cake from the Baking Company and that no contractual relationship existed between the injured and the Baking Company. It is, therefore, argued that a warranty implies a contractual relationship which naturally includes privity of contract between or among the parties thereto, and that such privity existed in this case.

The Baking Company stands upon the proposition that under no circumstances, upon principle, reason, or logic, should one, not in privity of contract, be permitted to recover for an alleged breach of contract. A great many authorities are cited in the brief of plaintiff in error in support of this proposition.

The defendant in error cites a number of authorities sustaining his position that an implied warranty arose in favor of the ultimate purchaser.

## OPINION OF COURT.

The following is taken, verbatim, from the opinion.

LEVINE, J.

In view of the seeming conflict of authorities upon the subject, there being no direct authority in Ohio covering cases exactly like the case at bar, we find ourselves on virgin territory and are free to resort to our own processes of reasoning and considerations of the demands of justice.

The Baking Company, when it delivered the cake in question to the grocery man, to say the least, impliedly represented to the public, who is the ultimate consumer, that this cake is free from injurious substances and fit for consumption as food. There is no doubt that an implied warranty arises as between the grocery man, who purchased the cake from the Baking Company, and the Baking Company. Since the Baking Company was fully aware that the grocery man did not purchase the cakes for his own consumption, but purchased the same, instead, for the purpose of selling the same to members of the public who are the ultimate consumers, this implied obligation, which unquestionably arose in favor of the grocery man, may be legally said to have so arisen for the benefit of the consumer. The grocery man who is, in effect, merely a distributing medium for the articles of food furnished by the Baking Company, and the Baking Company having had full knowledge of that fact, dealt with each other and entered into a contractual relationship for the benefit of the public, which is the ultimate consumer. In other words, this contract between the grocery man and the Ward Baking Company, was a contract, to all intents and purposes, entered into for the benefit of a third party, to-wit, the ultimate consumer. Whatever implied warranty arises in favor of the grocery man, who established the contractual relationship with the Baking Company, is for the benefit of this third party, namely, the ultimate consumer.

While we have not made a minute examination of the authorities cited and which are claimed to bear upon the legal point in question, we are content to place ourselves in the category of the minority states, even if such be the case, and to hold that there is imposed the absolute liability of a warrantor, on the manufacturer of articles of food, in favor of the ultimate purchaser, even though there are no direct contractual relationships between such ultimate purchaser and the manufacturer.

It is urged by the Baking Company that the allegation of negligence, as now found in defendant in error's petition, does not set forth any operative facts to show wherein the Baking Company was negligent; that it is either a conclusion of law and therefore meaningless, or is intended to invoke the doctrine of res ipsa loquitur, which cannot be applicable to the case at bar.

In order to justify the submission of the question of negligence in the case at bar, it is sufficient to plead that the defendant was negligent by reason of said needle being imbedded in said cake, and proof offered upon that point will raise a question for the decision of the jury. It is not necessary to resort to the doctrine of res ipsa loquitur in order to justify such action by the court. The presence of the needle in the cake bearing the name of the Ward Baking Company is an evidential fact from which negligence may be inferred. The other evidence offered by the plaintiff eliminated the probability or possibility of the needle having become imbedded in the cake after it left the Ward Baking Company.

Considerations of public policy demand that the utmost care and caution be exacted from the manufacturer of articles of food, who not only manufactures the same, but causes the

same to be delivered to grocery men, bakeries, and so forth for the purpose of general distribution and sale of those articles to members of the general public. The consumer has a right to rely upon the implied representation of the Baking Company that these articles, bearing its name, are not only free from injurious substances, but are fit for consumption, as food.

It is urged that the verdict rendered by the jury is so high and excessive as to demonstrate that the jury was influenced by passion or prejudice.

We hold that, in a case like the case at bar, the jury has a right to consider the mental suffering caused by the anxiety and fear of the ensuing consequences while the needle was in defendant in error's system. There is evidence not only of pain and suffering and mental anguish, but of the loss of weight, together with hospital expenses, X-rays and medical treatment, which lasted for nearly one year. We find no misconduct of counsel for defendant in error.

In view of the above consideration, the judgment of the Common Pleas will be affirmed.

(Sullivan, PJ. and Vickery, J, concur.)