WILLIAMS et al., Appellants,

v.

WARREN GENERAL HOSPITAL et al., Appellees.

[Cite as *Williams v. Warren Gen. Hosp.* (1996), 115 Ohio App.3d 87.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 95–T–5378.

Decided Oct. 1, 1996.

88

*Ronald L. Rosenfield,* for appellants.

*John J. Kuzman, Jr.,* for appellee, Warren General Hospital.

*Douglas G. Leak,* for appellees Richard B. Wilner, D.O. and Wilner Pathology Consulting Co., P.C.

---

NADER, Judge.

This is an appeal from a judgment rendered in the Court of Common Pleas of Trumbull County granting the defendants summary judgment on plaintiffs' claims of negligent infliction of emotional distress and loss of consortium. For the reasons set forth below, we affirm the judgment of the lower court.

On July 9, 1992, plaintiff-appellant Frances Williams admitted herself to defendant-appellee Warren General Hospital to have an ovarian tumor removed. The excised tissue was sent to the Pathology Department at the hospital for analysis. Defendant-appellee Richard B. Wilner, D.O. examined the tissue and concluded that it was malignant. Williams was referred to a cancer specialist at the hospital, Dr. Fisher, for treatment. Dr. Fisher ordered a CT scan of Williams's abdomen in order to search for more tumors. During the procedure, a contrasting dye was injected into Williams's blood so that the tumors would be more readily located. Dr. Fisher also counseled Williams that she would have to undergo chemotherapy.

After obtaining the CT scan results, Dr. Fisher was dissatisfied with Williams's diagnosis. He sent her to the Cleveland Clinic for a second evaluation and additional treatment. While there, a second cancer specialist, Dr. Charles A. deLeon, performed a second CT scan on Williams, and the ovarian mass was re-examined. Dr. deLeon determined that the tumor was benign, and that Williams did not have cancer after all.

Upon learning that Dr. deLeon did not agree with his diagnosis, Wilner refused to accept his mistake. He arranged for the ovarian mass to be examined by the Armed Forces Institute of Pathology ("A.F.I.P.") in order to prove to Williams that she had cancer. Physicians at A.F.I.P. agreed with Dr. deLeon that the tumor was benign.

On December 17, 1993, Williams filed this action in the Trumbull County Court of Common Pleas. She sought recovery for the emotional suffering caused by Wilner's allegedly negligent misdiagnosis. Additionally, Williams's husband, plaintiff-appellant Ray Williams, also brought a claim for loss of consortium. On May 31, 1995, Wilner moved for summary judgment, arguing that Ohio law did not recognize a claim for negligent infliction of emotional distress caused by a nonexistent peril. On June 28, the hospital also moved for summary judgment on the same ground, and on the ground that it could not be held liable because Wilner was an independent contractor.

On July 12, 1995, the trial court stayed the proceedings until the Supreme Court of Ohio issued its opinion in *Heiner v. Moretuzzo* (1995), 73 Ohio St.3d 80, 652 N.E.2d 664, a case with similar facts that the parties hoped would dispose of this case. The court issued its decision on August 16, 1995, which is discussed below.

Shortly after the Supreme Court of Ohio rendered its decision, Williams filed a response to the defendants' motions for summary judgment on September 11, 1995. Williams argued that she was not attempting to recover for the anxiety caused by her fears of cancer, a nonexistent peril, but that she was attempting to recover for (1) the emotional suffering she experienced in undergoing the CT scan, which meant being injected with the contrast dye, and (2) consulting with her physicians about undergoing chemotherapy. The trial court granted the defendants' motions, and dismissed the claims. This appeal followed.

In her single assignment of error, Williams alleges that the trial court erred when it granted the defendants' motions for summary judgment.

■ It has been long established that a plaintiff may recover for emotional distress caused by the negligence of another. Originally, a plaintiff could not recover for emotional injuries absent some contemporaneous physical injury. *Miller v. Baltimore & Ohio S.W. RR. Co.* (1908), 78 Ohio St. 309, 85 N.E. 499. Today, plaintiffs may be compensated for emotional distress despite the lack of a contemporaneous physical injury. *Schultz v. Barberton Glass Co.* (1983), 4 Ohio St.3d 131, 4 OBR 376, 447 N.E.2d 109; *Paugh v. Hanks* (1983), 6 Ohio St.3d 72, 6 OBR 114, 451 N.E.2d 759; *Bies v. Kobelak* (July 19, 1991), Ashtabula App. No. 90–A–1568, unreported, 1991 WL 132198. However, such emotional distress unaccompanied by physical injury must be "severe and debilitating." *Paugh,*

*supra*, at paragraph 3a of the syllabus (defining serious emotional distress as an "injury which is both severe and debilitating"); *Yackshaw v. John Carroll Univ. Bd. of Trustees* (1993), 89 Ohio App.3d 237, 244, 624 N.E.2d 225, 229–230 (in order to recover for negligent infliction of emotional distress, plaintiff must show that distress was severe); *Davis v. Billow Co.* (1991), 81 Ohio App.3d 203, 207, 610 N.E.2d 1024, 1026–1027 (same).

■ Further, where the plaintiff has not sustained a contemporaneous physical injury to recover for severe emotional distress, the plaintiff must demonstrate that he or she "was in fear of physical consequences to his [or her] own person." *High v. Howard* (1992), 64 Ohio St.3d 82, 85–86, 592 N.E.2d 818, 821, overruled on other grounds, *Gallimore v. Children's Hosp. Med. Ctr.* (1993), 67 Ohio St.3d 244, 255, 617 N.E.2d 1052, 1060. This fear of physical consequences must derive from a real and existing physical peril. In *Schultz, supra*, the plaintiff sought recovery for emotional distress caused when a sheet of glass negligently secured to the defendant's delivery truck fell and smashed his windshield. Partially because the plaintiff was "involved in an *actual* physical calamity," the court recognized the tort. (Emphasis added.) *Heiner v. Moretuzzo* (1995), 73 Ohio St.3d 80, 85, 652 N.E.2d 664, 668. In *Paugh, supra*, the plaintiff sought recovery for emotional distress caused by three negligent drivers who crashed into an area of the plaintiff's yard where her children regularly played. The court allowed recovery because the plaintiff "had been aware of a *real and existing physical peril.*" (Emphasis added.) *Heiner*, 73 Ohio St.3d at 85, 652 N.E.2d at 668.

In contrast, the Supreme Court of Ohio has held that a plaintiff cannot recover for emotional distress "where the distress is caused by the plaintiff's fear of a nonexistent physical peril." *Id.* at 87, 652 N.E.2d at 670. In *Heiner*, the plaintiff went to a fertility doctor to be artificially inseminated. During the preliminary evaluation, the doctor drew blood and sent a sample to the Red Cross for testing. The Red Cross misdiagnosed the plaintiff as having HIV. The plaintiff had her blood checked again, and both the second and third tests were HIV negative. The plaintiff brought a claim for negligent infliction of emotional distress against the fertility doctor, the hospital at which her blood was first drawn, and the Red Cross. The defendants argued that Ohio did not recognize the plaintiff's cause of action. The Supreme Court agreed, and held that "Ohio does not recognize a claim for negligent infliction of emotional distress where the distress is caused by a nonexistent peril." *Id.* at 87, 652 N.E.2d at 670. The court also held that because the plaintiff was never actually infected with HIV, she was never in any actual physical peril, and her emotional injuries were therefore not compensable. *Id.* at 88, 652 N.E.2d at 670–671. Similarly, the plaintiff was barred from recovery in *Criswell v. Brentwood Hosp.* (1989), 49 Ohio App.3d 163, 551 N.E.2d

1315, where the defendant negligently misdiagnosed the plaintiff's daughter as having a sexually transmitted disease. The Court of Appeals for Cuyahoga County held that the plaintiff could not recover because the emotional distress was caused by the apprehension of a nonexistent peril. *Id.* at 166, 551 N.E.2d at 1318.

The defendants in this case characterized Williams's claim as one for the emotional distress caused solely by her apprehension of having cancer, a peril that did not actually exist. Williams argued that she also experienced anxiety from undergoing the CT scan and consulting with her physicians about undergoing chemotherapy. The trial court agreed with the defendants and dismissed Williams's claim. We will review that determination *de novo. Cook v. Cleveland Elec. Illum. Co.* (1995), 102 Ohio App.3d 417, 421, 657 N.E.2d 356, 358–359.

Williams advances three possible sources of the emotional distress she experienced. We will discuss each in turn.

■ Inasmuch as Williams's claim can be construed as one for the recovery of emotional distress caused by the rather disturbing notion that she had contracted ovarian cancer, the trial court is correct. Under *Heiner* and *Criswell,* this kind of emotional trauma caused by misdiagnosis is simply not compensable under Ohio law. Although this court feels great sympathy for Williams's ordeal, "the facts of this case remind us that not every wrong is deserving of a legal remedy." *Heiner,* 73 Ohio St.3d at 88, 652 N.E.2d at 670.

Williams argued to the trial court that she is seeking recovery for emotional distress that arose from her "fear of injury and death from being actually subjected to an invasive procedure with contrast dye." In contrast to the nonexistent cancer, we find that there was a "real and existing" chance that Williams could suffer an allergic reaction to the contrast dye and could possibly have died.

■ The *Heiner* case did not address whether a plaintiff who does not suffer a contemporaneous physical injury may recover for the fear of a statistical chance of incurring some other physical injury. Other courts have allowed recovery for reasonable apprehension of a potential physical harm in those cases where the plaintiff also suffers some contemporaneous physical injury. See, *e.g., Ward Baking Co. v. Trizzino* (1928), 27 Ohio App. 475, 161 N.E. 557 (plaintiff is entitled to recover for the fear of possible injury from swallowing a needle negligently baked into a cake after the needle pricked his tongue as he swallowed it); *Lavelle v. Owens–Corning Fiberglas Corp.* (Com.Pl.1987), 30 Ohio Misc.2d 11, 30 OBR

223, 507 N.E.2d 476 (plaintiff is entitled to recover for fear caused by an increased risk of cancer after he contracted asbestosis). However, no court has allowed recovery for apprehension of a risk of harm in a case such as the one at bar, where the plaintiff has not suffered any injury whatsoever.[1]

We decline to extend the rule permitting recovery for severe emotional distress caused by a fear of a statistical chance of harm, in those cases where the plaintiff has incurred a contemporaneous physical injury, to the situation at hand, where the plaintiff did not suffer an injury. Although the Supreme Court abandoned the impact rule in *Schultz*, the danger to the plaintiff in that case was more concrete than the danger to Williams in this case. In *Schultz*, the plaintiff narrowly escaped what certainly would have been severe physical injury. He was lucky to survive the accident, let alone walk away unscratched. In this case, although there is some remote chance that Williams might have suffered an allergic reaction to the dye, such statistical risks are low enough that CT scans are relatively routine. We do not gather the same impression from Williams's case that she was lucky to survive the scan. In short, we are not persuaded that the danger to this plaintiff was so severe as to justify invoking the common-law protections by recognizing a tort.

■ We reject out of hand Williams's argument that she is entitled to recover for anxieties produced by consulting with her physicians about undergoing chemotherapy. Unlike the CT scan, which subjected Williams to a real, albeit remote, possibility of physical harm, the consultation itself posed no danger. Further, like her apprehension at the notion of contracting cancer, her apprehension at receiving chemotherapy was in reality an apprehension over something that never existed. She never underwent chemotherapy. This emotional distress, experienced every day by thousands of people discussing treatment options with their physicians, is simply not compensable.

Having reviewed the possible sources of anxiety, and finding them inadequate to support a cause of action for negligent infliction of emotional distress, we find that the trial court did not err when it granted summary judgment to the defendant on her claim. Because loss of consortium is a derivative claim,

---

1. We reject the notion that the act of injecting the contrast dye might serve as the injury in the same way that the needle prick served as the injury in *Trizzino*. In that case, the pin prick injury occurred as a direct and proximate result of the defendant's negligence. In this case, Williams was injected not as a *proximate* result of Wilner's misdiagnosis. She was injected on Dr. Fisher's orders, who decided to administer a CT scan before seeking a second opinion. Thus, the injection was not proximately caused by Wilner's actions and may not supply the injury necessary for Williams to recover for her distress in undergoing the procedure.

plaintiff-appellant Ray Williams's claim was also properly dismissed. Williams's assignment of error lacks merit.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

CHRISTLEY, P.J., and JOSEPH E. MAHONEY, J., concur.