STECHLER, Appellant,

v.

HOMYK, Appellee.

[Cite as *Stechler v. Homyk* (1998), 127 Ohio App.3d 396.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72397.

Decided April 27, 1998.

*Robert S. Belovich; Sullivan & Sullivan, Ltd.,* and *Julia Ryan Sullivan,* for appellant.

*Gravens & Franey Co., L.P.A.,* and *Martin T. Franey,* for appellee.

O'DONNELL, Presiding Judge.

Henry Stechler appeals from a decision of the common pleas court granting summary judgment in favor of Peter Homyk in connection with Stechler's claim that Homyk negligently left the water running, which overflowed into Stechler's apartment and caused him to suffer a nervous breakdown. Because Ohio does not recognize a claim for negligent infliction of emotional distress resulting from property damage, we affirm the judgment of the trial court.

On May 20, 1995, around midnight, Stechler discovered water leaking through the kitchen ceiling of his apartment. He later learned that Homyk, who occupied the apartment directly above him, had inadvertently left water running and caused the flooding condition in Stechler's apartment. As a result of the water leaking into his apartment, Stechler became distressed over the following five days when apartment maintenance personnel failed to repair the damage. Thereafter, he admitted himself to the Veterans Administration Hospital for psychiatric treatment, where he remained for sixteen days.

About a year later, Stechler filed a complaint against Homyk, alleging that Homyk's negligence caused him to suffer a nervous breakdown and to incur property damage to his apartment. In response, Homyk filed a motion for summary judgment, alleging that Stechler failed to state a claim for relief because Ohio does not recognize a claim of negligent infliction of emotional

distress caused by witnessing the injury or destruction of property. Stechler opposed this motion, asserting that he had not filed a claim for "negligent infliction of emotional distress," but rather a claim "for creation of a mental illness arising from Homyk's negligence." To facilitate the court's consideration of the summary judgment motion, the parties stipulated to the facts and articulated that the issue for resolution concerned whether Homyk's negligence caused Stechler's injuries. After consideration, the court granted summary judgment to Homyk.

Stechler now appeals, raising one assignment of error for our review, which states:

"The trial court erred in granting defendant Peter Homyk's motion for summary judgment."

Stechler contends that the trial court erred when it granted summary judgment to Homyk, claiming that he properly asserted a claim for development of an adjustment disorder requiring hospitalization as a consequence of Homyk's negligence.

Homyk argues that the trial court did not err when it granted him summary judgment, because he asserts that Ohio does not permit recovery for serious emotional distress caused by witnessing destruction of one's property.

The issue then presented for our review is whether the trial court erred when it granted summary judgment to Homyk.

Civ.R. 56(C) sets forth the standard of review for cases involving summary judgment:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

This court reviews the trial court's grant of summary judgment *de novo*. See *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 622 N.E.2d 1153; *Abbott v. Parma* (1996), 112 Ohio App.3d 570, 679 N.E.2d 353. Further, since the material facts are not disputed, our concern is whether Homyk is entitled to judgment as a matter of law on Stechler's claim.

In his complaint, Stechler alleges that the flooding of his apartment upset him and caused him to suffer a nervous breakdown. In *Strawser v. Wright* (1992), 80 Ohio App.3d 751, 610 N.E.2d 610, the court considered Strawser's claim for negligent infliction of emotional distress resulting from the death of her Yorkshire terrier puppy as a result of the seller's alleged negligence in failing to immunize the puppy against parvovirus. In reluctantly affirming the dismissal of the complaint, the court stated at 755, 610 N.E.2d at 612:

"Ohio law simply does not permit recovery for serious emotional distress which is caused when one witnesses the negligent injury or destruction of one's property."

Further, in *Williams v. Warren Gen. Hosp.* (1996), 115 Ohio App.3d 87, 684 N.E.2d 730, the court considered Williams's claim that she suffered emotional distress while undergoing a CT scan and while engaging in consultations regarding her need for chemotherapy, because her physician negligently misdiagnosed her as having cancer. In affirming the grant of summary judgment to that physician, the court stated at 89–90, 684 N.E.2d at 731–732:

"It has long been established that a plaintiff may recover for emotional distress caused by the negligence of another. * * * Today, plaintiffs may be compensated for emotional distress despite the lack of a contemporaneous physical injury. * * * However, such emotional distress unaccompanied by physical injury must be 'severe and debilitating.' * * *

"Further, where the plaintiff has not sustained a contemporaneous physical injury to recover for severe emotional distress, the plaintiff must demonstrate that he or she 'was in fear of physical consequences to his [or her] own person.' *High v. Howard* (1992), 64 Ohio St.3d 82, 85–86, 592 N.E.2d 818, 821, overruled on other grounds, *Gallimore v. Children's Hosp. Med. Ctr.* (1993), 67 Ohio St.3d 244, 255, 617 N.E.2d 1052, 1060. This fear of physical consequences must derive from a real and existing physical peril. * * *

"* * * [T]he Supreme Court of Ohio has held that a plaintiff cannot recover for emotional distress 'where the distress is caused by the plaintiff's fear of a nonexistent physical peril.' [*Heiner v. Moretuzzo* (1995), 73 Ohio St.3d 80] at 85, 652 N.E.2d [664] at 668."

Having reviewed these and other cases, we have concluded that the trial court correctly granted summary judgment to Homyk, because Ohio simply does not permit recovery for negligent infliction of emotional distress caused by witnessing the destruction of one's property. Our analysis reveals that the claims advanced by Stechler, including his statement in his affidavit that he fell and hit his head on a cabinet, do not present justiciable claims. See *Strawser* and *Williams, supra.* Because no genuine issues of material fact are in dispute and

Homyk is entitled to judgment as a matter of law, we affirm the trial court's judgment.

*Judgment affirmed.*

SPELLACY, J., concurs.

KARPINSKI, J., concurs in judgment only.

KARPINSKI, Judge, concurring in judgment only.

I respectfully concur in judgment only. The trial court properly granted summary judgment because plaintiff failed to submit admissible medical opinion testimony to establish a causal connection between the May 20, 1995 event and his alleged injuries.