COMMONWEALTH LOAN CO., APPELLEE, *v.* DOWNTOWN LINCOLN MERCURY CO. ET AL., APPELLANTS.

[Cite as Commonwealth Loan Co. v. Downtown Lincoln Mercury Co., 4 Ohio App. 2d 4.]

(No. 9489—Decided April 27, 1964.)

*Mr. Marvin J. Barsman,* for appellee.

*Mr. Lee B. Kasson, Jr.,* for appellant Downtown Lincoln Mercury Company.

HOVER, P. J. This is an appeal on a question of law from a judgment in a replevin action in the Municipal Court of Cincinnati, wherein it was found that the right of possession to

a certain 1957 Mercury automobile was in the Commonwealth Loan Company, plaintiff below.

The sole assignment of error is whether the right to possession was in the holder of a mortgage on the chattel, the plaintiff loan company, or in the holder of an artisan's lien on the same chattel, the defendant garage. The facts are not in controversy, each party having a lawful lien on the chattel with only the question of priority between such liens to be determined.

It is claimed by the appellant garage that the adoption of the so-called Uniform Commercial Code changes and supersedes previously existing provisions for secured liens in the automobile title law and specifically directs a priority of liens under the circumstances contrary to *Metropolitan Securities Co. v. Orlow*, 107 Ohio St. 583, and related cases, with the result that the artisan now takes precedence over the mortgage creditor.

The alleged conflict between the priority provision of the Uniform Commercial Code, particularly Section 1309.29, Revised Code, and a similar provision in the automobile certificate of title law, particularly Section 4505.13, Revised Code, is more apparent than real, and a close scanning of the provision of each of the above statutes will so indicate. Section 1309.29, applied to the facts of this case, provides: "When a person [the garage here] furnishes services or materials with respect to goods subject to a security interest [the mortgage here], a lien upon goods in the possession of such person [the garage] given *by statute or rule of law* * * * [a common-law lien] takes priority over a perfected security interest [the mortgage] *unless the lien is statutory and the statute expressly provides otherwise.*" (Emphasis added.)

A statute which "expressly provides otherwise" is Section 4505.13, Revised Code, which states as follows:

"* * * Any security agreement covering a security interest in a motor vehicle * * * in the case of a certificate of title, if a notation of such instrument has been made by the clerk of the Court of Common Pleas on the face of such certificate, shall be valid as against the creditors of the debtor, whether armed with process or not, and against subsequent purchasers, secured parties, and other lienholders or claimants. * * *"

Section 1309.29, Revised Code, in its simplest terms, seems to hold (1) that a *statutory* lien for labor and material is superior unless the lien is statutory and the statute denies the priority, and (2) that a common-law (rule of law) lien is superior unless the lien is statutory and the statute denies the priority. Proposition (2) above does not make sense, although the statute is susceptible to this translation. Proposition (1) says that a statutory lien is superior unless the statute denies the superiority. (Query: Does this mean that *the* statute granting the lien must deny its priority, or may *any* applicable statute deny priority to the lien granted by some other statute?) On the other hand, proposition (2) above certainly says that a nonstatutory lien is superior unless the lien is statutory. (Query: What lien?)

While the question arising from proposition (1) above is not directly involved here because the instant artisan's lien is not statutory, the uncertainty is patent and should be borne in mind in view of the comments following.

It is the duty of a court called upon to interpret a statute to breathe sense and meaning into it; to give effect to all its terms and provisions; and to render it compatible with other and related enactments whenever and wherever possible.

This can be done in regard to the seemingly built-in conflicts in Section 1309.29, Revised Code, *only* by considering that the first use of the word, "lien," in the statute refers to the claim of the laborer or materialman in possession, and the second use of the word, "lien," in the same statute refers to the claim of the secured interest. Such an interpretation would require the statute to be read as if it stated:

"When a person * * * furnishes services or materials with respect to goods subject to a security interest, a lien upon the goods * * * given by statute or rule of law takes priority over the security interest unless the *security interest* is statutory and the statute provides otherwise."

In this way only can meaning be read into Section 1309.29, Revised Code, and all its terms be given effect and rendered compatible with other existing statutes dealing with the same or similar subject matter. Such another existing statute is Section 4505.13, Revised Code. It is clear that this is a statute which (1) provides a lien for a security interest and which (2)

provides that the priority of the lien thus established is otherwise than the priority set out in Section 1309.29, Revised Code.

It appears accordingly that the enactment of Section 1309.29, as it must be interpreted, coupled with the re-enactment of Section 4505.13, has had the effect of carrying into the substantive statutory law the judicial rule previously laid down in the case of *Metropolitan Securities Co.* v. *Orlow, supra* (107 Ohio St. 583), and subsequent and related cases. The judgment below recognizing the priority of the lien of the plaintiff is correct and, therefore, is affirmed.

*Judgment affirmed.*

HILDEBRANT and LONG, JJ., concur.