SENTINEL SECURITY SYSTEMS, APPELLEE, *v.* MEDKEFF ET AL., APPELLANTS.

(No. 12794—Decided April 29, 1987.)

*Richard L. Williger,* for appellee.

*Evan J. Palik,* assistant prosecuting attorney, for appellants.

GEORGE, J. In late 1982, Edwin Shaw Hospital, defendant-appellant, through its agent Jack A. Medkeff, defendant-appellant, entertained public bids for the provision of security services for a one-year period at Edwin Shaw Hospital. One of the five bids submitted proposed to provide security services for a three-year period. After analyzing these bids, Medkeff determined that a three-year contract would be better for Edwin Shaw than a one-year contract. Medkeff orally contacted the two lowest bidders of the one-year contract and asked them to submit bids for a three-year contract.

Sentinel Security Systems, plaintiff-appellee, submitted the lowest bid and was awarded a three-year contract to begin on April 1, 1983. Toward the end of the second year of the contract, the Summit County Prosecutor informed Edwin Shaw that the contract was void as having violated the competitive bidding statutes. As a result, on January 5, 1985, Edwin Shaw informed Sentinel Security that it would

not honor the third year of the contract.

Sentinel Security filed suit against Edwin Shaw and Jack Medkeff for breach of contract. Sentinel Security then filed and was granted a motion for summary judgment on the issue of whether the contract had to be competitively bid.

Edwin Shaw stipulated that, if in fact the competitive bidding statutes did not apply, then it would be liable to Sentinel Security for damages of $20,277.95. Edwin Shaw preserved its right to appeal the competitive bidding issue. The trial court then entered judgment for Sentinel Security.

Edwin Shaw and Medkeff appeal the holding that the contract was not governed by the competitive bidding statutes. This court reverses.

### Assignment of Error

"The trial court erred in its June 6, 1986 judgment order in ruling that the service contract entered into between appellant Edwin Shaw Hospital and appellee Sentinel Security Systems did not have to be competitively bid."

The parties contend that different statutes in effect at the time governed the disputed service contract. Edwin Shaw asserts that R.C. 307.86 required the service contract to be competitively bid since it is a contract for services in excess of two thousand dollars made by a contracting authority for the county. At the time the contract was awarded, R.C. 307.86 provided:

"Anything to be purchased * * * including, but not limited to, any * * * service * * * on behalf of the county or contracting authority * * * at a cost in excess of five thousand dollars * * * shall be obtained through competitive bidding. * * *" (See 139 Ohio Laws, Part II, 3340, 3340-3341.)

Sentinel Security asserts that R.C. 307.86 did not require the disputed service contract to be bid competitively since the legislature, through R.C. 339.05, only required a county hospital to competitively bid contracts for structures or improvements in excess of one thousand dollars. R.C. 339.05, which was also subsequently amended, provided that:

"Before making a contract for the expenditure of money on any structure or improvement in excess of one thousand dollars, the board of county hospital trustees shall advertise according to law for bids * * *." (See 140 Ohio Laws, Part I, 2366.)

Sentinel Security contends that R.C. 339.05 was specifically addressed to county hospital contracts and therefore superseded any and all requirements set forth in R.C. 307.86. This court disagrees.

Where two statutes relate to the same subject matter in a case calling for the application of both, the statutes should be construed together. *Volan* v. *Keller* (1969), 20 Ohio App. 2d 204, 49 O.O. 2d 286, 253 N.E. 2d 309. In construing these statutes, it is the duty of the court to give effect to all their terms and provisions and to render them compatible with each other whenever possible. R.C. 1.51. *Commonwealth Loan Co.* v. *Downtown Lincoln Mercury Co.* (1964), 4 Ohio App. 2d 4, 23 O.O. 2d 6, 211 N.E. 2d 57.

R.C. 307.86 required that any contracting authority for the county must competitively bid any service contract which exceeds two thousand dollars. R.C. 307.92 defines a "contracting authority" as:

"* * * any board * * * or individual which has authority to contract for or on behalf of the county or any agency * * * or board thereof."

There is no dispute that Medkeff had the authority, through the board of trustees of Edwin Shaw, to enter into the service contract. There is also no dispute that the service contract exceeds two thousand dollars. Accordingly, the service contract was con-

trolled by R.C. 307.86 unless rendered inapplicable by R.C. 339.05.

All laws enacted by the legislature are presumed to harmonize with existing statutes on the same subject. *State, ex rel. Merydith Constr. Co.,* v. *Dean* (1916), 95 Ohio St. 108, 116 N.E. 37. There is no conflict between these statutes which would give rise to the need to have the specific provisions of R.C. 339.05 prevail over the more general provisions of R.C. 307.86.

The fact that former R.C. 339.05 required competitive bidding on county hospital contracts for structures or improvements in excess of one thousand dollars did not make R.C. 307.86 inapplicable to this contract. R.C. 307.86 required that all county contracts in excess of five thousand dollars, with a few specified exceptions, be competitively bid. R.C. 339.05 merely expanded the class of county contracts that must be competitively bid to include county hospital contracts for structures or improvements that are less than two thousand but in excess of one thousand dollars. The provisions of these two statutes are not in conflict. The plain meaning and effect of neither statute is disturbed by holding that the service contract was required to be competitively bid pursuant to R.C. 307.86.

Accordingly, this court reverses the holding of the trial court and remands this case to the trial court for proceedings in accordance with this opinion.

*Judgment reversed and cause remanded.*

QUILLIN, P.J., and BAIRD, J., concur.