HARTLEY, APPELLANT, *v.* HARTLEY, APPELLEE.

(No. L-87-261 — Decided May 6, 1988.)

*Lorin Zaner,* for appellant.
*Toledo College of Law Legal Clinic* and *Marsha Goldberg,* for appellee.

*Per Curiam.* This case is before the court on appeal from a July 23, 1987 judgment in the Court of Common Pleas of Lucas County, granting defendant-appellee Judi L. Hartley's motion to dismiss pursuant to Civ. R. 12(B)(6).

Plaintiff-appellant, Patrick M. Hartley, and appellee were divorced with appellee awarded custody of their minor daughter. Appellant was granted visitation rights with his child. On January 17, 1984, appellee contacted the Toledo Police Department and the Lucas County Children's Services Board and filed a report alleging that appellant had sexually abused the parties' child. These allegations were found to be false and no further proceedings were instituted against appellant. Thereafter, appellant filed a complaint alleging damages as a result of appellee's unfounded accusations. Appellee filed a motion to dismiss pursuant to Civ. R. 12(B)(6). The trial court granted appellee's motion based on R.C. 2151.421 and appellant filed a timely notice of appeal asserting the following as his sole assignment of error:

"The trial court's decision dismissing plaintiff's complaint based on O.R.C. 2151.421 was in error."

The Ohio Supreme Court estab-

lished the standard for granting a Civ. R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted in *O'Brien* v. *University Community Tenants Union, Inc.* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753, wherein the court stated at the syllabus:

"In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ. R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." (Citation omitted.)

In granting appellee's motion to dismiss the trial court relied upon the language in R.C. 2151.421 which provides in part:

"(G) Anyone or any hospital, institution, school, health department, or agency participating in the making of reports under this section, or anyone participating in a judicial proceeding resulting from the reports, shall be immune from any civil or criminal liability that otherwise might be incurred or imposed as a result of such actions. Notwithstanding section 4731.22 of the Revised Code, the physician-patient privilege shall not be a ground for excluding evidence regarding a child's injuries, abuse, or neglect, or the cause of the injuries, abuse, or neglect in any judicial proceeding resulting from a report submitted pursuant to this section."

This court has previously held that the aforementioned statute grants an absolute immunity to those making reports of child abuse in *Bishop* v. *Ezzone* (June 26, 1981), Wood App. No. WD-80-63, unreported. This court reasoned that the societal benefits derived from the ability to freely make such reports outweighed any individual harm which might arise from possible false reports. Further, the court went on to state:

"We reject plaintiffs-appellants' argument that the Ohio General Assembly intended to grant immunity from liability for making child abuse reports or participating in proceedings involving child abuse only where such reports or proceedings were initiated in good faith. R.C. 2151.421 contains no such limitation on the grant of immunity as do the applicable Michigan and Pennsylvania sections of law. Therefore, we find because of this grant of absolute immunity, plaintiffs-appellants can prove no set of facts which would entitle them to recovery. * * *" *Bishop, supra,* at 4.

Appellant attempts to distinguish factually *Bishop* from the case *sub judice.* The *Bishop* case involved a report made by school officials, whereas the report in the instant case was made by appellant's ex-wife. Appellant further contends that a reasonableness standard, not an absolute immunity, should be applied to cases involving reports of child abuse. Contending that appellee's motive for the involved report was to deprive him of visitation rights, appellant urges this court to find appellee's actions unreasonable and beyond the scope of protection of R.C. 2151.421.

This court, in applying R.C. 2151.421, finds the factual distinction between *Bishop* and the instant case non-dispositive and holds that the rationale of *Bishop* must be applied to the case at hand. Because of the public concerns involved, the grant of immunity pursuant to R.C. 2151.421 must extend to anyone making reports of child abuse whether in good faith or not. Because of this absolute immunity, it appears from the complaint that appellant cannot prove facts entitling him to recovery. *O'Brien, supra.*

Accordingly, appellant's sole as-

signment of error is found not well-taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

RESNICK, P.J., and GLASSER, J., concur.

HANDWORK, J., dissents.

HANDWORK, J., dissenting. In my judgment, the decision of the majority ignores one of the most fundamental tenets of appellate review. The Ohio Supreme Court, in the case of *Humphrys* v. *Winous Co.* (1956), 165 Ohio St. 45, 49, 59 O.O. 65, 67, 133 N.E. 2d 780, 782-783, has said:

"The primary duty of a court in construing a statute is to give effect to the intention of the Legislature enacting it. In determining that intention, a court should consider the language used and the apparent purpose to be accomplished, and then such a construction should be adopted which permits the statute and its various parts to be construed as a whole and gives effect to the paramount object to be attained. * * *"

The First District Court of Appeals in *Commonwealth Loan Co.* v. *Downtown Lincoln Mercury Co.* (1964), 4 Ohio App. 2d 4, 33 O.O. 2d 6, 211 N.E. 2d 57, stated in paragraph two of its syllabus:

"In the construction of a statute it is the duty of the court to breathe sense and meaning into it, to give effect to all its terms and provisions and to render it compatible with other and related enactments whenever and wherever possible."

In blandly applying the words of R.C. 2151.421 to the facts of this case, the majority has failed, in the first instance, to give consideration to the purpose which the statute intends to accomplish. The very significant public policy considerations of this statute are set forth in subdivision (A)(1) where the individuals who are required to report suspected child abuse appear. Thereafter, in subdivisions (A)(2) and (A)(3), specific exemptions are listed. At no point in the statute does the word "parent" appear. Finally in subdivision (G), "[a]nyone or any hospital * * *" is granted immunity from any civil or criminal liability that otherwise might be incurred or imposed as a result of making a report of suspected child abuse.

It almost goes without saying, and sadly so, that the actions of many former spouses as they relate to one another are motivated by hatred, ill will, and a desire to hurt; and that too often children of a former marriage become the pawns with which hurt is inflicted. What better way to inflict harm on a former spouse than to wrongfully accuse him or her of having abused their child?

I am certainly well aware that R.C. 2151.421(G) utilizes the term "anyone" and that that can be interpreted to mean just what it says. I am also aware of this court's holding in *Bishop* v. *Ezzone, supra,* granting total immunity from liability as a result of a report involving suspected child abuse. The facts of that case are absolutely distinguishable from the facts in the case before us.

If we, as a court of appeals, are to breathe life into a statute, then we must consider the individual facts before us and apply the rule of law set forth in the statute to those specific facts on a case-by-case basis. It is difficult to imagine that the legislature intended to preclude a lawsuit under facts such as these. Nowhere in the statute is the word "parent" used

when speaking of those who are required to report suspected child abuse. The word "parent" is not used when referring to those who receive immunity for making a report except that a parent may be lumped into the all-encompassing "anyone" in subdivision (G).

Can the legislature have intended to include a parent? No Ohio case has yet answered this question, and the public policy for cloaking all others with immunity is clear. But in an era where it is commonplace for parents who are divorced to use their children as tools to hurt one another, or to be spiteful, should they, if motivated by ill will to file false reports, be shielded from ultimate responsibility by this statute? Certainly no one knows if this report was motivated by ill will, hatred, or by honest intention. Appellant should, under the unique facts of this case, be granted his day in court to prove what he can. Twelve years as a judge has allowed me the unique and sometimes sordid opportunity to delve into the ugly corners of the human mind. From the pit of human emotions spilled on the floor of the domestic relations battlefield I have seen too many nasty examples of man's inhumanity to his fellow man. I cannot believe the legislature intended this statute to be used as a shield by one former spouse who may have willfully inflicted harm on another in the manner suggested herein. In this instance, having no idea whether appellant can prevail or not, he should at least be given his day in court. I, therefore, dissent.