CRISWELL ET AL., APPELLANTS, *v.*
BRENTWOOD HOSPITAL ET AL.,
APPELLEES.

(No. 55447—Decided
June 12, 1989.)

*Michael A. Sanson,* for appellants.
*Reminger & Reminger Co., L.P.A.,*
and *John R. Scott,* for appellees.

ANN McMANAMON, C.J. Plaintiffs
Veronica Criswell, her parents Maria
and Gilbert Criswell, and her brothers
Mark and Timothy Criswell ("the fami-
ly") appeal from a summary judgment
granted on February 22, 1988 in favor
of defendants, Brentwood Hospital
and Brentwood Family Health Center
("Brentwood").

In their complaints the family
sought compensatory damages of
$1,250,000 for pain and mental
anguish suffered as a result of Brent-
wood's negligent diagnosis that Veron-
ica had a sexually transmitted disease
and their report to the child welfare
authorities of possible child abuse.

In their motion for summary judg-
ment, Brentwood argued that they
were immune from any liability resul-
tant from their report of suspected
child abuse pursuant to R.C. 2151.421.

The family asserts two assign-
ments of error,[1] arguing that the

_____
[1] See Appendix.

statute does not afford such immunity
when the claimed injuries are a result
of misdiagnosis, or when the child
abuse report is not based on "evidence
of a wound, injury, disability, or condi-
tion of a nature that reasonably in-
dicates abuse."

Summary judgment may be ren-
dered only when, construing the
evidence most strongly in favor of the
party against whom the motion is
made, there appears no genuine issue
of any material fact and the moving
party is entitled to judgment as a mat-
ter of law. Civ. R. 56(C); *Williams* v.
*First United Church of Christ* (1974),
37 Ohio St. 2d 150, 66 O.O. 2d 311, 309
N.E. 2d 924. Construed in the light
most favorable to the plaintiffs, the
facts of this case are as follows:

Maria Criswell took Veronica, then
three and one-half years old, to Brent-
wood on October 29, 1986 because the
child complained of an itch in her
vaginal area and of abdominal pain.
Veronica was examined by a physician
who observed a yellow discharge in her
vaginal area. The physician ordered
cultures to determine if Veronica had a
sexually transmitted disease, and
ordered a topical medication for the
itch. When developed, the cultures in-
dicated that Veronica had a chlamydia
infection. A Brentwood registered
nurse called Maria Criswell to relay the
test results. The nurse also informed
Maria Criswell that child welfare
authorities must be notified that Ve-
ronica was a possible victim of abuse.
The nurse followed through and the
authorities initiated an investigation.

The following day Veronica and
the family presented themselves at
Metro General Hospital for cultures.
All of these cultures proved negative
for chlamydia.

In their second assignment of er-
ror, which we look at first, the family
argues that immunity protects the
reporter of child abuse only when

specific types of evidence exist. R.C. 2151.421 states in pertinent part:

"(A)(1) No * * * physician * * * [or] registered nurse * * * who is acting in his official or professional capacity and knows or suspects that a child under eighteen years of age * * * has suffered any wound, injury, disability, or condition of a nature that reasonably indicates abuse or neglect of the child, shall recklessly fail immediately to report or cause reports to be made of that knowledge or suspicion to the children services board, the county department of human services exercising the children services function, or a municipal or county peace officer in the county in which the child resides or in which the abuse or neglect is occurring or has occurred.

"* * *

"(G) Anyone or any hospital, institution, * * * or agency participating in the making of reports under this section, or anyone participating in a judicial proceeding resulting from the reports, shall be immune from any civil or criminal liability that otherwise might be incurred or imposed as a result of such actions. * * *"

The presence, in a young child, of a sexually transmitted disease is a commonly accepted indicator of sexual abuse. Thus, the diagnosis of a chlamydia infection is the type of condition for which the legislature mandates reporting to child welfare services. We hold that, as a matter of law, Brentwood is immune from liability resulting from their report of possible child abuse in this case. *Haag* v. *Cuyahoga County* (N.D. Ohio 1985), 619 F. Supp. 262. We agree with the Sixth District Court of Appeals that the Ohio Legislature made a policy decision that "the societal benefits arising from encouraging the reporting and prosecution of child abuse by granting immunity outweigh any individual harm which might arise from false reports." *Bishop* v. *Ezzone* (June 26, 1981), Wood App. No. WD-80-63, unreported, at 4. In *Bishop* the court held that, though the plaintiff alleged that the report had been falsely and maliciously made, the caseworker, bus driver, and school principal were immune from liability arising from their report of suspected child abuse. See, also, *Hartley* v. *Hartley* (1988), 42 Ohio App. 3d 160, 537 N.E. 2d 706 (finding immunity applied even when it is alleged that the report was not made in good faith).

This assignment of error fails.

In their first assignment of error appellants argue that R.C. 2151.421 does not grant immunity to Brentwood for the negligent infliction of emotional distress caused by their purported misdiagnosis of Veronica's condition.

We note that it is undisputed that the test conducted by Brentwood staff did result in a positive finding of chlamydia.

The family posits that the emotional distress stemming from the alleged misdiagnosis itself is an actionable claim sounding in tort. They argue that the negligent infliction of emotional distress without resulting physical harm has been recognized by the Supreme Court of Ohio in *Paugh* v. *Hanks* (1983), 6 Ohio St. 3d 72, 6 OBR 114, 451 N.E. 2d 759, and *Schultz* v. *Barberton Glass Co.* (1983), 4 Ohio St. 3d 131, 4 OBR 376, 447 N.E. 2d 109. Their reliance on these cases is misplaced.

In *Paugh* and *Schultz* the plaintiffs either witnessed or experienced a dangerous accident or appreciated the physical peril and, as a result of this cognizance, suffered serious emotional distress. The claimed misdiagnosis of Veronica put the child in no physical peril. Ohio case law has recognized negligent infliction of emotional distress only where there is cognizance of a real danger, not mere fear of nonexistent peril. See *Paugh, supra;*

*Schultz, supra.* Other cases in which Ohio courts have recognized this tort are based upon equally inapplicable facts. See *Carney* v. *Knollwood Cemetery Assn.* (1986), 33 Ohio App. 3d 31, 514 N.E. 2d 430; *Leach* v. *Shapiro* (1984), 13 Ohio App. 3d 393, 13 OBR 477, 469 N.E. 2d 1047.

The courts of Ohio have not expanded this cause of action to include apprehension of a non-existent physical peril, nor will we. This assignment of error is not well-taken. The judgment of the trial court is affirmed.

*Judgment affirmed.*

J. V. CORRIGAN and J. F. CORRIGAN, JJ., concur.

Appendix

Appellant's assignments of error are:

I

"Ohio Revised Code Section 2151.421 grants no immunity to the appellees for their negligent diagnosis that the appellant, Veronica Criswell, had Chlamydia, a venereal disease, and it was error for the trial court to grant appellees' motion for summary judgment."

II

"Ohio Revised Code Section 2151.421 does not provide immunity to the appellees for falsely reporting that Veronica Criswell was a victim of child abuse when there was no evidence that Veronica Criswell had a wound, injury, disability, or condition of a nature that reasonably indicated abuse or neglect, as required by statute, and it was error for the trial court to grant appellees' motion for summary judgment."