OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted summary judgment to appellee, Toledo Public Schools. For the reasons stated herein, this court affirms the decision of the trial court.
Appellants, Vayne and Ylonda Y. Thomas, set forth the following two assignments of error:
"ASSIGNMENT OF ERROR NO. 1
 "Trial Court Erred In Granting The Defendant's Motion for Summary Judgment Because Genuine Issue of Material Fact Existed.
"ASSIGNMENT OF ERROR NO. 2
 "Trial Court Erred In Ruling That The Defendant Was Immune From Liability In The Present Case."
The following facts are relevant to this appeal. On March 18, 1997, appellants, Vayne and Ylonda Y. Thomas, as parents and next friends of their daughter, Skylar Thomas, filed a complaint in which they alleged that appellee had refused to educate Skylar; had denied Skylar access to a public education; and had caused emotional distress and inconvenience.
The following individuals were deposed: appellants; the school principal at Martin Luther King Elementary School ("MLKES"); a school psychologist at MLKES who administered testing to Skylar; and the director of pupil personnel services for appellee. Appellants had moved from Texas, a state without a requirement of successful completion of kindergarten, to Ohio, a state with a requirement of successful completion of kindergarten, for advancement to first grade. Appellants initially enrolled Skylar in first grade in a school in the Springfield school district in August 1996 but when Skylar experienced difficulties in first grade, the fact she had not completed kindergarten became known. When appellants were informed that Skylar would be placed in a kindergarten, appellants moved from the Springfield school district to the Toledo school district where they ultimately enrolled Skylar at the MLKES. Upon learning that Skylar had not completed kindergarten, the principal at MLKES informed appellants that Skylar could not be enrolled in first grade. After learning that Skylar would not be enrolled in first grade at MLKES, appellants chose not to send Skylar to school. In November 1996, appellants were notified that truancy charges could be filed as Skylar was not attending school. Appellants then sought a waiver of the mandatory kindergarten requirement.
The school psychologist at MLKES administered both a practice and an actual test of the Metropolitan Readiness Test ("MRT") to Skylar. The MRT is the screening instrument that was selected by appellee's pupil personnel services committee, the committee statutorily mandated to grant waivers. Skylar scored below the established standard on one of the two parts of the MRT and, therefore, appellee would not waive the requirement that Skylar successfully complete kindergarten before entering first grade. Appellants enrolled Skylar in kindergarten at MLKES.
Appellee filed a motion for summary judgment and appellants filed a memorandum in opposition. On October 14, 1998, the trial court granted appellee's motion. Appellants filed a timely notice of appeal.
In reviewing the grant of summary judgment, this court must apply the same standard as the trial court. Lorain Natl.Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
Appellants advance two arguments in support of their first assignment of error. This court finds no merit in this assignment of error.
Appellants first argue that the trial court erred in granting summary judgment, asserting that there exist disputes regarding material facts that preclude summary judgment. These alleged factual disputes center on the kindergarten waiver requirements.
R.C. 3321.01 contains the provision regarding the kindergarten requirement waiver and provides:
 "(C) Except as provided in division (D) of this section, no school district shall admit to the first grade any child who has not successfully completed kindergarten.
 "(D) Upon request of a parent, the requirement of division (C) of this section may be waived by the district's pupil personnel services committee in the case of a child who is at least six years of age by the thirtieth day of September of the year of admittance and who demonstrates to the satisfaction of the committee the possession of the social, emotional, and cognitive skills necessary for first grade. (Emphasis added.)
 "The board of education of each city, local, and exempted village school district shall establish a pupil personnel services committee. The committee shall be composed of all of the following to the extent such personnel are either employed by the district or employed by the governing board of the educational service center within whose territory the district is located and the educational service center generally furnishes the services of such personnel to the district:
"(1) The director of pupil personnel services;
"(2) An elementary school counselor;
"(3) An elementary school principal;
"(4) A school psychologist;
"(5) A teacher assigned to teach first grade.
 "The responsibilities of the pupil personnel services committee shall be limited to the issuing of waivers allowing admittance to the first grade without the successful completion of kindergarten. The committee shall have no other authority except as specified in this section."
Although appellants argue that disputes regarding material facts exist that preclude the grant of summary judgment, this court has thoroughly reviewed the entire record in the casesub judice and can find no disputed material facts that would preclude the grant of summary judgment. No contradictory evidence was presented in regard to any of the alleged factual disputes. Thus, this court finds no merit in appellants' first argument in support of their first assignment of error.
In their second argument in support of the first assignment of error, appellants contend that the trial court erred in granting summary judgment because their claim for negligent infliction of emotional distress was a valid claim. Appellants cite Schultz v. Barberton Glass Co. (1983), 4 Ohio St.3d 131, andCriswell v. Brentwood Hosp. (1989), 49 Ohio App.3d 163, in support of their argument.
In Heiner v. Moretuzzo (1995), 73 Ohio St.3d 80, 86-87, the Ohio Supreme Court, in discussing its rationale, quoted fromCriswell v. Brentwood Hosp. (1989), 49 Ohio App.3d 163, and stated:
 "In Criswell, the Court of Appeals for Cuyahoga County affirmed the judgment of the trial court and rejected the notion that Schultz and Paugh permit recovery for negligent infliction of emotional distress in instances where the plaintiff did not witness or experience a violent accident or appreciate a real and existing physical peril:
 "`In Paugh and Schultz the plaintiffs either witnessed or experienced a dangerous accident or appreciated the physical peril and, as a result of this cognizance, suffered serious emotional distress. The claimed misdiagnosis of Veronica [the child] put the child in no physical peril. Ohio case law has recognized negligent infliction of emotional distress only where there is cognizance of a real danger, not mere fear of nonexistent peril. See Paugh, supra; Schultz, supra. * * *' (Emphasis sic.)
"`* * *'
 "`The courts of Ohio have not expanded this cause of action to include apprehension of a non-existent physical peril, nor will we. * * *' (Citation omitted.)
 "Thus, the court in Criswell specifically acknowledged that Schultz and Paugh limit recovery for negligent infliction of emotional distress to instances where the plaintiff has either witnessed or experienced a dangerous accident or appreciated the actual physical peril. Our citation to Criswell in High, 64 Ohio St.3d at 85, 592 N.E.2d at 820-821, strongly suggests that we adhere to that interpretation of Paugh and Schultz. * * *
 "Nevertheless, appellant maintains that Schultz and Paugh recognize the right of a plaintiff to maintain a cause of action for negligent infliction of emotional distress whenever the plaintiff's emotional injuries are serious and a reasonably foreseeable consequence of the defendant's negligence. Again, we do not interpret these cases that broadly. * * *"
Based upon the above case law and the facts in this case, this court finds no merit in appellants' second argument in support of their first assignment of error.
Accordingly, appellants' first assignment of error is found not well-taken.
In their second assignment of error, appellants contend that the trial court erred in ruling that appellee was immune from liability. This court finds no merit in this assignment of error.
R.C. 2744.01 sets forth the following definitions of "governmental functions" relevant to Ohio's Sovereign Immunity Act:
 "(C)(1) "Governmental function" means a function of a political subdivision that is specified in division (C)(2) of this section or that satisfies any of the following:
 "(a) A function that is imposed upon the state as an obligation of sovereignty and that is performed by a political subdivision voluntarily or pursuant to legislative requirement;
 "(b) A function that is for the common good of all citizens of the state;
 "(c) A function that promotes or preserves the public peace, health, safety, or welfare; that involves activities that are not engaged in or not customarily engaged in by nongovernmental persons; and that is not specified in division (G)(2) of this section as a proprietary function.
 "(2) A "governmental function" includes, but is not limited to, the following:
"* * *
"(c) The provision of a system of public education;"
R.C. 2744.01(F) includes a school district within its definition of a "political subdivision."
R.C. 2744.01(G)(1) and (2) provide the definition of
"proprietary function." R.C. 2744.01(G)(1)(a) specifically provides that a "proprietary function" is "not one described in division (C)(1)(a) or (b) of this section" and is "not one specified in division (C)(2)." R.C. 2744.01(C)(2)(c) specified "[t]he provision of a system of public education" as a governmental function.
R.C. 2744.03 provides in part:
 "(A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:
"* * *
 "(3) The political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee."
As this court noted previously in this opinion, the responsibility of determining if a kindergarten waiver should be granted was delegated to the pupil personnel services committee. R.C.3321.01(D). The pupil personnel services committee was given the discretion to determine the method by which it would make this determination. Thus, the trial court did not err in its decision that appellee was immune from liability.
Accordingly, appellant's second assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 Peter M. Handwork, P.J._____________________________________ JUDGE
 Melvin L. Resnick, J._______________________________________ JUDGE
 Richard W. Knepper, J. ______________________________________ JUDGE
CONCUR.