[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JOURNAL ENTRY
For the reasons stated in the opinion of this Court rendered herein on February 11, 2000, the assignments of error are overruled, and it is the judgment and order of this Court that the judgment of the Court of Common Pleas of Erie County is affirmed at the costs of the appellants for which judgment is rendered and that the cause be remanded to that court for execution.
It is further ordered that the Clerk of this Court certify a copy of this judgment to that court as the mandate prescribed by Appellate Rule 27 or by any other provision of law, and also furnish a copy of any opinion filed concurrently herewith directly to the trial judge.
_________________________________
_________________________________
 _________________________________ JUDGES
(MILLIGAN, J., retired, of the Fifth Appellate District,assigned to active duty pursuant to Section 6C, Article IV, OhioConstitution and sitting by assignment in the Sixth AppellateDistrict. HADLEY, P.J., and BRYANT, J., of the Third AppellateDistrict, sitting by assignment in the Third Appellate District.)
CHARACTER OF PROCEEDING: Civil Appeal from Common Pleas Court.
JUDGMENT: Judgment affirmed.
ATTORNEYS:
GALLAGHER, SHARP, FULTON NORMAN, Alan M. Petrov, Attorney at Law, Reg. #0020283, Timothy J. Fitzgerald, Attorney at Law, Reg. #0042734, Seventh Floor, Bulkley Building, 1501 Euclid Avenue, Cleveland, OH 44115, For Appellants.
EASTMAN SMITH, L.T.D., James F. Nooney, Attorney at Law, Reg. #0009715, One SeaGate, 24th Floor, P0 Box 10032, Toledo, OH 43699-0032, For Appellees.
MILLIGAN, J.
The plaintiffs-appellants, United States Fidelity and Guaranty Company and H. Bussell Roberts, Jr., appeal the judgment of the Erie County Court of Common Pleas granting Appellee Pietrykowski's motion to dismiss pursuant to Civ.R. 12(B)(6). For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history of this case are as follows. The appellant, United States Fidelity and Guaranty Company ("USFG") is a corporation that provides insurance coverage to clients. Wikel Mfg. Co. ("Wikel") is a named insured in a policy written by USFG[1]. H. Busell Roberts, Jr. ("Roberts") is the trustee in bankruptcy for Wikel and is also an appellant in this matter. William Pietrykowski and the law firm of Manahan, Pietrykowski, Bamman Delaney (collectively referred to as "Pietrykowski") are the appellees in this matter.
In October of 1985, Wikel was sued and notified USFG that, consistent with the terms if its insurance policy, it was in need of representation and USFG retained Pietrykowski to defend the lawsuit against Wikel. The appellants now claim that Pietrykowski failed to provide Wikel with a defense as a consequence of which the insured, Wikel, by its trustee in bankruptcy, later sued USFG and procured a $1.5 million judgment on June 26, 1996[2]. On September 18, 1997, the appellants filed suit against Pietrykowski in the Erie County Court of Common Pleas alleging breach of contract, indemnity, contribution, and bad faith. Pietrykowski filed a motion to dismiss the appellants' complaint, pursuant to Civ.R. 12(B)(6), which was granted by the trial court on April 1, 1999.
In sustaining the appellee's motion to dismiss, the trial court, inter alia, found that the first amended complaint failed to state a claim upon which relief could be granted. The court found that "all of the allegations in plaintiffs' complaint and first amended complaint arise out of defendants' rendition of legal services to an entity other than the plaintiffs, plaintiffs lack legal standing to sue defendants on those claims." The court further said, that "because the allegations in plaintiffs' complaint and first amended complaint arise out of the defendants' rendition of legal services, any claim by plaintiffs against the defendants would be an action for legal malpractice which is barred on the face of the complaint and first amended complaint by the one-year period of limitations for malpractice set forth in R.C. 2305.11(A)."
It is from this judgment that the appellants now appeal asserting one assignment of error.
Assignment of Error
 The trial court erred to the prejudice of appellants when it granted Appellee Pietrykowski's motion to dismiss, as appellants properly stated contractual claims of breach of contract, indemnification, contribution, and bad faith.
A motion to dismiss the complaint challenges the facial, legal sufficiency of the complaint as a matter of law. It is properly sustained if it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.O'Brien v. University Community Tenants Union (1975), 42 Ohio St.2d 242; see, also, Hartley v. Hartley (1988), 42 Ohio App.3d 160
. Civil Rule 12(B) provides, in pertinent part, as follows.
 Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
 (6) failure to state a claim upon which relief can be granted.
In resolving a Civ.R. 12(B)(6) motion, a court is confined to the averments set forth in the complaint and cannot consider outside evidentiary materials unless the motion is converted into a motion for summary judgment under Civ.R.56. Nelson v. Pleasant
(1991), 73 Ohio App.3d 479. In this case, both parties have peppered their briefs with factual allegations claimed and admitted to be accurate that do not appear in the amended complaint. We disregard all such portions of the briefs.
When reviewing a judgment granting a Civ.R. 12(B)(6) motion, an appellate court must independently review the complaint to determine if dismissal was appropriate. Decisions on Civ.R. 12(B)(6) motions are not findings of fact, but are rather conclusions of law. State ex. rel. Drake v. Athens Cty. Bd. ofElections (1988), 39 Ohio St.3d 40. The appellate court need not defer to the trial court's decision in Civ.R. 12(B)(6) cases.McGlone v. Grimshaw (1993), 86 Ohio App.3d 279.
In their complaint, the appellants seek to create a cause of action sounding in breach of contract. However, the factual allegations belie the legal label. The complaint facially demonstrates that Pietrykowski, as well as his law firm, are attorneys "retained by USFG to defend Wikel in the case of Miller v. Wikel." (Par. 4, Amended Complaint). "At all times relevant herein Pietrykowski was acting as legal counsel for Wickel." (Par. 5, Amended Complaint).
USFG's claim is grounded in the proposition that its relationship with Pietrykowski was a contract to defend the original action which, as to USFG, is not a contract for legal services. "At no time relevant herein did Pietrykowski act as legal counsel for USFG, nor was there any attorney-client relationship between Pietrykowski and USFG." (Par. 6, Amended Complaint). "In this case Appellee Pietrykowski was the third party employed to perform the contractual duty to defend." (Par. 10-12, Amended Complaint).
The appellants observe that USFG, a corporation, cannot practice law and, thus claims it was required to "contract" with an attorney for that purpose. They then make a leap of logic, suggesting that the relationship must be contractual and cannot be representational. By stating a cause of action sounding in contract, USFG claims that there is a bona fide cause of action and that the same is still viable because of the appropriate six-year statute of limitations.
Appellees counter that no matter what the appellants label their pleading, the action sounds in legal malpractice and is thus barred by the applicable one-year statute of limitations. The latest date at which it could be argued that the malpractice claim ripened so as to trigger the statute of limitations set forth in R.C. 2305.11(A), is June 26, 1996; the date judgment was rendered against USFG in the ancillary action, Roberts v. USFG,
Erie County Case No. 87-CV-260. At that time USFG knew, or in the exercise of reasonable judgment, should have known that it had a cognizable claim of legal malpractice against Pietrykowski. This case was filed September 18, 1997, beyond the one-year period allowed in R.C. 2305.11(A).
As a general rule:
 Insurance defense counsel routinely and necessarily represent the interests of both the insurer and the insured. Although the representation of two clients is not unusual, the manner in which this relationship is created distinguishes it from others. This distinction creates what is appropriately characterized as a tripartite relationship.
Legal Malpractice, 4th Edition, Mallen and Smith, Sec. 28.3, "The Relationship of Counsel-The Tripartite Relationship," Pg. 487, et seq.
Integral to the appellant's entire case is the claim that the cause of action sounds in contract, and breach thereof, not legal malpractice. An action by the client against an attorney for damages resulting from the manner in which the attorney represented the client constitutes an action for malpractice within the meaning of R.C. 2305.11, regardless of whether predicated upon contract or tort or whether for indemnification or for direct damages. Muir v. Hadler Real Estate Management Co.
(1982), 4 Ohio App.3d 89.
We conclude that whatever Pietrykowski did, or did not do, vis-à-vis his relationship with USFG, was exclusively within the arena of the practice of law. That was the reason he was engaged and that was the reason he did, or did not, act in the earlier legal proceedings. On the face of the complaint it is clear that there is no other purpose or goal in any arrangement or contact between the parties. Compare Hibbett v. City of Cincinnati
(1982), 4 Ohio App.3d 128, where the plaintiff attempted to couch a malpractice case in a claim of negligence.
Analysis does not depend upon a facial demonstration that the insured (Wikel) and the insurer (USFG) were in privity, a frequently mentioned basis for extension of malpractice liability beyond the specific client. Scholler v. Scholler (1984), 10 Ohio St.3d 98
. Here the appellee represented both the insurer and the insured. It is a multiple party, tripartite representation, with each party having different priorities and interests, but nevertheless one of lawyer-client as to each of the parties. The efforts of the appellants to clothe a legal malpractice claim in contract language do not avail.
The appellants cite no authority, and we find none, for the proposition that the relationship described in the amended complaint is other than that of an attorney-client relationship. The fact that retained counsel owes ethical and legal priority duties to the insured does not denigrate the parallel fact that retained counsel engaged by the insurer also represents USFG. Pietrykowski was obliged to "provide Wikel with a defense," (Par. 9, Amended Complaint), and is charged with failing "to provide Wikel with a defense, in violation on the contract" (with USFG). This is not an instance where the insurer is claiming Pietrykowski violated a contract in some way other than by supplying legal services. Compare Saad v. Rodriguez (1986),30 Ohio App.3d 156, where the attorney acted as an escrow agent.
In Count 1 — Breach of Contract, the factual allegations satisfy this court, beyond doubt, that acts of legal malpractice were alleged. The claim is barred by the provisions of R.C.2305.11(A), as a matter of law.
In Count 2 — Indemnity, the appellants claim the right to indemnity against Pietrykowski to the extent it had paid or is liable to pay Roberts (the trustee in Bankruptcy for Wikel) "for failure of Pietrykowski to defend Wikel." (Par. 23, Amended Complaint), likewise a claim arising out of legal malpractice and barred by the statute of limitations. The statute is not tolled.Zimmie v. Calfee, Halter Griswold (1989), 43 Ohio St.3d 54.
In Count 3 — Contribution, the appellants claim a right of contribution from Pietrykowski for sums paid or payable to Roberts "as a result of the failure of Pietrykowski to defend Wikel." (Par. 27, Amended Complaint). Again the action derives from malpractice as to the appellants and is barred by the statute of limitations.
In Count 4 — Bad Faith, the appellants allege that Pietrykowski had "no intent to perform the contract to defend Wickel." (Par. 31, Amended Complaint). The effort to identify and plead a tort for bad faith breach of contract is supported by no legal authority, and fails to state a cause of action as a matter of law. Hoskins v. Aetna Life Ins. (1983), 6 Ohio St.3d 272; Tokles Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621.
All of the claims of the appellants depend, for their legal integrity, on the assertion that the relationship between USFG and Pietrykowski was contractual and not a contract for legal services. Here it is evident from the face of the complaint that the appellants are attempting to dress a legal malpractice case in the clothing of a contract case. It is a disguise for which there is no legal precedent — a fiction unrecognized by law. The only consideration contemplated to be accorded USFG was the provision of a legal defense in a lawsuit filed against an insured of USFG. The sole conduct contemplated for Pietrykowski was the delivery of competent legal services. Therefore, Appellant USFG's sole assignment of error is overruled.
Appellant Roberts claims a derivative right, by assignment from USFG, as the trustee in bankruptcy for Wikel. His claims rise to no higher level of legal integrity than USFG, and are therefore time barred as well.
Having found no error prejudicial to the appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 HADLEY, P.J. and BRYANT, J., concur.
(MILLIGAN, J., retired, of the Fifth Appellate District, assignedto active duty pursuant to Section 6(C), Article IV, OhioConstitution and sitting by assignment in the Sixth AppellateDistrict. HADLEY, P.J. and BRYANT, J., of the Third AppellateDistrict, sitting by assignment in the Sixth Appellate District.)
[1] Wikel is not a party to the instant litigation.
[2] case is still pending, although final settlement has been approved by the United States Bankruptcy Court for the Northern Division of Ohio, Western Division, on December 30, 1997. At the settlement of that case, USFG will have paid out more than $2.4 million.