JOURNAL ENTRY AND OPINION
Tavaris White, an eleven-month-old infant, by and through his mother and natural guardian, LeShawn Simmons, appeals from a judgment of the common pleas court which granted summary judgment to University Hospitals of Cleveland and dismissed his complaint that the hospital negligently read x-ray reports, improperly concluded that he had been physically abused, and caused him to be placed in a foster home for four months. On appeal, he claims he established negligence through expert testimony and he maintains the hospital lacked statutory immunity and, therefore, he maintains the trial court erred in granting summary judgment. After reviewing this case, we have concluded that no genuine issues of material fact exist and that University Hospitals is entitled to judgment as a matter of law. Accordingly, we affirm the judgment of the court.
The record here reflects that on November 11, 1997, LaShawn Simmons took her eleven-month-old son, Tavaris White, to the emergency room at University Hospitals because he could not support weight on his right foot. Based on x-rays taken at the hospital, Dr. Robert Ballock diagnosed Tavaris with a bilateral tibial fracture secondary to alleged physical abuse. Following this diagnosis, Cuyahoga County Children and Family Services took custody of Tavaris and on November 13, 1997, placed him in a foster home. Subsequently, on January 2, 1998, Dr. Alan Gurd, Head of the Pediatric Orthopaedic Surgery Department at The Cleveland Clinic Foundation reviewed the x-rays taken at University Hospitals and rendered his opinion that he could not be certain whether White had in fact been physically abused. Subsequently, White has been returned to his mother.
Thereafter, on January 5, 1999, Simmons filed a complaint in common pleas court against University Hospitals alleging negligence in reading x-ray reports and in diagnosing White, resulting in loss of companionship, services and consortium for a period of four months; in addition, Simmons claimed mental anguish and lost earnings. On December 3, 1999, University Hospitals filed a motion for summary judgment, alleging that White failed to establish a prima facie case of negligence through a medical expert and it claimed immunity pursuant to R.C. 2151.421. In support of its motion, University Hospitals submitted answers to interrogatories and a medical report of Gurd.
White filed a brief in opposition and submitted medical reports from both Gurd and Siegel, and Dr. Ballock's deposition. The court thereafter granted University Hospitals motion for summary judgment and dismissed White's complaint with prejudice.
White now appeals and sets forth two assignments of error for our review. Because the second assignment of error is dispositive in this case, we will address it first. It states:
 THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT AS OHIO REVISED CODE SECTION 2151.421 GRANTS NO IMMUNITY TO APPELLEE FOR REPORTING THAT TAVARIS WHITE WAS A VICTIM OF CHILD ABUSE, WHEN THERE WAS NO SUPPORTING EVIDENCE TAVARIS WHITE HAD A WOUND, INJURY, DISABILITY, OR CONDITION OF A NATURE THAT REASONABLY INDICATED ABUSE OR NEGLECT, AS REQUIRED BY STATUTE.
White urges the court erred in granting summary judgment on the basis of immunity because he did not have an existing injury which would reasonably indicate physical abuse. University Hospitals, however, maintain the court properly granted summary judgment because it is immune pursuant to R.C. 2151.421.
Thus, we are concerned with whether White established a prima facie case of negligence and whether University Hospital is immune from civil liability in this lawsuit.
Civ.R. 56(C) states in pertinent part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Further, the court in Dresher v. Burt (1996), 75 Ohio St.3d 280
stated:
 * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. * * * If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
Regarding University Hospitals claimed immunity, R.C. 2151.421
(A)(1)(a) states in pertinent part:
 No person described in division (A)(1)(b) of this section who is acting in an official or professional capacity and knows or suspects that a child under eighteen years of age * * * has suffered or faces a threat of suffering any physical or mental wound, injury * * * that reasonably indicates abuse of neglect of the child, shall fail to immediately report that knowledge or suspicion to the public children services agency * * *.
Further, section (G)(1)(a) provides in part:
 * * * anyone or any hospital, institution, school, health department, or agency participating in the making of reports under division (A) of this section, anyone or any hospital, institution, school, health department, or agency participating in good faith in the making of reports under division (B) of this section, and anyone participating in good faith in a judicial proceeding resulting from the reports, shall be immune from any civil or criminal liability for injury, death, or loss to person or property that otherwise might be incurred or imposed as a result of making of the reports or the participation in the judicial proceeding.
Further, in Criswell v. Brentwood Hospital (1989), 49 Ohio App.3d 163, where our court considered a similar case involving a child who had been diagnosed by Brentwood Hospital with a sexually transmitted disease and the parents sued the hospital for its report to child welfare authorities of possible child abuse, we stated:
 We agree with the Sixth District Court of Appeals that the Ohio Legislature made a policy decision that the societal benefits arising from encouraging the reporting and prosecution of child abuse by granting immunity outweigh any individual harm which might arise from false reports. Bishop v. Ezzone (June 26, 1981), Wood App. No. WD-80-63, unreported at 4.
In this case, Dr. Ballock examined White on November 7, 1997 and reviewed x-rays of his lower extremities. In deposition, he stated that the areas where White experienced tenderness could be consistent with bilateral corner fractures of the proximal tibial metaphysis and that the tenderness is evidence of some type of trauma or abnormality of the bone in that region. He further stated:
 Q: Okay. And with that, and you review of the X-rays, you felt that it was a non-accidental trauma to the child's legs?
 A: My orthopedic training says that in children under the age of one year old who have evidence clinically or radiographically of a fracture that that, in and of itself, is reasonable suspicion of a non-accidental injury.
After reviewing the record before us, we have concluded there are no genuine issues of material fact in dispute, and that based on Criswell, University Hospital is entitled to judgment as a matter of law because R.C. 2151.421 provides immunity for reporting possible child abuse. Accordingly this assignment of error is not well taken.
 THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS APPELLANT ESTABLISHED THROUGH EXPERT MEDICAL EVIDENCE THAT A MATERIAL ISSUE OF FACT EXIST IN THIS MATTER SUFFICIENT TO WARRANT A TRIAL BY JURY.
White urges he established a prima facie case of negligence through the medical report of Seigel, which stated Ballock negligently interpreted White's x-rays and diagnosed him as having a condition secondary to physical abuse. University Hospital maintains it is immune from civil liability based on R.C. 2151.421.
While we recognize that contrary expert opinions create an issue of fact regarding negligence, University Hospital is immune from civil liability in this case and therefore, entitled to judgment as a matter of law. Therefore, the judgment of the court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE
JOHN T. PATTON, J., and LEO M. SPELLACY, J., CONCUR