OPINION
{¶ 1} Plaintiff-appellant, Takeisha Prysock, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment to defendant-appellee, David P. Bahner, M.D. For the following reasons, we affirm that judgment.
 {¶ 2} On January 12, 1999, appellant delivered twin baby girls at The Ohio State University Medical Center ("Ohio State") by caesarian section. Ten days later, she returned to Ohio State after complaining of a bad odor emanating from her vaginal cavity. Following a physical examination, appellee or a resident working under appellee's supervision removed a sponge from appellant's vaginal cavity. See Prysock v. The OhioState Univ. Med. Ctr., Franklin App. No. 01AP-1131, 2002-Ohio-2811, at ¶ 2. It is undisputed that appellee informed appellant that a sponge had been removed. Appellant subsequently filed a complaint which alleged one count of fraud against appellee. In her complaint, appellant alleged that appellee was the attending physician who removed the sponge from her vagina. She further alleged that appellee failed to disclose to her that the sponge was left inside her due to the negligence of the physicians at Ohio State who delivered her babies.
 {¶ 3} Appellee filed a motion for summary judgment arguing that appellant's fraud claim was actually a medical malpractice claim barred by the statute of limitations, and that even if appellant presented a claim for fraud, he was entitled to judgment as a matter of law on that claim. The trial court found that appellant's claim, to the extent it was based on appellee's alleged concealment of facts, was a claim for fraud and was not barred by the statute of limitations. However, the trial court ruled that appellee did not fraudulently conceal facts from appellant and, even if he had, appellant did not suffer any compensable injuries as a result. Accordingly, the trial court granted summary judgment for appellee.
 {¶ 4} Appellant appeals, assigning the following error:
The trial court erroneously granted sum-mary judgment to defendant on November 19, 2003.
 {¶ 5} An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular, Inc. (1994),94 Ohio App.3d 579, 588. Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of material fact exists; (2) the moving parties are entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v.State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 6} Appellee does not contest the trial court's finding that appellant stated a claim for fraud. Ohio law recognizes, under some circumstances, a cause of action for fraud independent from a medical malpractice claim. Prysock, supra, at ¶ 17. "A physician's knowing misrepresentation of a material fact concerning a patient's condition, on which the patient justifiably relies to his detriment, may give rise to a cause of action in fraud independent from an action in medical malpractice." Gaines v. Preterm-Cleveland, Inc. (1987), 33 Ohio St.3d 54,56; Prysock, at ¶ 17. The elements of such an action require: (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance. Gaines,
supra.
 {¶ 7} In granting summary judgment, the trial court ruled that appellee fulfilled his duty to disclose when he informed appellant that a sponge was removed from her body. Appellant first contends that the trial court erred when it found that appellee had no duty to disclose that: (1) a sponge was negligently left inside her in connection with the delivery of her twin baby girls by caesarian section; (2) the sponge was a foreign object; and, (3) the sponge caused a bacterial infection. However, we agree with the trial court that appellee owed no duty to disclose the information that formed the basis of appellant's fraud claim.
 {¶ 8} A physician has a duty to disclose to a patient known material facts about the patient's medical condition. Id. at 56. In this case, the presence of a sponge in appellant's vaginal cavity, and the removal of that sponge, are material facts about her medical condition that appellee had a duty to disclose. Appellee satisfied that duty when he informed appellant that a sponge was removed from her vaginal cavity. Appellee had no duty to disclose that the doctors who delivered appellant's babies may have committed medical malpractice. Such a disclosure would be pure speculation. Nor did appellee have a duty to disclose that a sponge is a foreign object. This fact is obvious. A sponge is not naturally present in the human body.
 {¶ 9} Last, appellant contends appellee had a duty to disclose that the sponge caused a bacterial infection. We disagree. Appellant did not present any proper evidence to create a genuine issue of fact as to whether she had a bacterial infection or, if she did, what caused it. In support of his motion for summary judgment, appellee testified in his deposition that appellant did not have any signs or symptoms of a bacterial infection and that he prescribed an antibiotic only as a preventative measure. In response, appellant did not present proper evidence to create a genuine issue of fact in this regard. The only evidence appellant submitted was her affidavit in which she stated her belief that she developed a bacterial infection. This statement alone is insufficient to create a genuine issue of fact. Expert medical testimony is necessary to show an injury's cause and effect, unless the issue is so apparent as to be a matter of common knowledge. Darnell v. Eastman
(1970), 23 Ohio St.2d 13, syllabus; Clodgo v. Kroger Pharmacy (Mar. 18, 1999), Franklin App. No. 98AP-569. The existence and cause of a bacterial infection are not matters of common knowledge and must be demonstrated with expert medical testimony. Cf. Marzocco v. Taco Bell Corp. (Jan. 14, 2000), Montgomery App. No. 17818 (expert medical testimony required to prove cause of foodborne illness). Appellant did not present any expert medical testimony to show that she had a bacterial infection or, even if she did, that it was caused by the presence of the sponge. There can be no duty to disclose that the sponge caused a bacterial infection when the only expert medical evidence presented indicated that appellant had no signs or symptoms of a bacterial infection.
 {¶ 10} Appellant also claims that the trial court erred by granting summary judgment because appellee's credibility was at issue. Although credibility concerns normally arise when there is conflicting evidence for and against summary judgment motions, such concerns may also be present when the party moving for summary judgment presents uncontroverted evidence and credibility is critical to the determination that there is no genuine issue of fact. Killilea v. Sears, Roebuck Co. (1985),27 Ohio App.3d 163, 167-168. Because the resolution of a motion for summary judgment does not include trying the credibility of witnesses, "[i]f an issue is raised on summary judgment, which manifestly turns on the credibility of the witness because his testimony must be believed in order to resolve the issue, and the surrounding circumstances place the credibility of the witness in question — for example, where the potential for bias and interest is evident — then the matter should be resolved at trial * * *." Id. at 167.
 {¶ 11} In the present case, the resolution of whether or not appellant developed a bacterial infection does not manifestly turn on appellee's credibility. Appellee's testimony that appellant did not have the signs or symptoms of a bacterial infection was based upon a report generated by another physician who conducted the physical exam of appellant. More importantly, it was appellant's burden to demonstrate that a genuine issue of material fact existed with respect to whether she had a bacterial infection and, if so, what caused it. As previously noted, appellant failed to present any expert medical testimony. Appellee's credibility was not manifestly critical to the resolution of this issue of fact and the trial court did not err in granting summary judgment. Cf. Mitchell v. Woodbridge (May 2, 2001), Mahoning App. No. 98CA-255 (credibility not manifestly critical to determine no genuine issue of material fact).
 {¶ 12} Last, the trial court also granted summary judgment because appellant could not demonstrate a compensable injury as a result of appellee's conduct. We agree. Appellant did not claim any physical injury resulting from appellee's alleged failure to disclose. Instead, she claimed emotional distress resulting from appellee's failure to inform her of the possible consequences if the sponge had not been removed from her body. A plaintiff may be compensated for emotional distress without a contemporaneous physical injury. Heiner v. Moretuzzo (1995),73 Ohio St.3d 80, 85; Schultz v. Barberton Glass Co. (1983),4 Ohio St.3d 131; Paugh v. Hanks (1983), 6 Ohio St.3d 72. Under these circumstances, a plaintiff claiming emotional distress without contemporaneous physical injuries must demonstrate that he or she was in fear of physical consequences to his or her person. Heiner, supra, at 85-86, citing High v. Howard (1992), 64 Ohio St.3d 82, 85. This fear of physical consequences must derive from a real and existing physical peril. Heiner, supra, quoting Criswell v. Brentwood Hosp. (1989),49 Ohio App.3d 163, 165-166. A plaintiff cannot recover for emotional distress "where the distress is caused by plaintiff's fear of a nonexistent physical peril." Id.
 {¶ 13} Here, the physical peril was eliminated by the removal of the sponge. Therefore, any emotional distress that appellant may have suffered because appellee failed to inform her about possible consequences if the sponge had not been removed is not compensable. Heiner, supra; Williamsv. Warren Gen. Hosp. (1996), 115 Ohio App.3d 87, 89-92. Because appellant did not allege any legally compensable damages, the trial court did not err when it granted summary judgment in favor of appellee.
 {¶ 14} Appellant's lone assignment of error is overruled.
 {¶ 15} In conclusion, appellee fulfilled his duty to disclose material facts about appellant's medical condition and appellant did not sustain any legally compensable damages. Accordingly, the trial court properly granted summary judgment to appellee and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree and Watson, JJ., concur.