{¶ 53} I respectfully dissent.
 {¶ 54} The contract at issue is vague and incongruous with respect to renewal. One provision requires 90 days written notice for termination. Yet, another provision allows for an adjustment of the service fees 30 days before the renewal date. As a result of these inconsistent provisions, the parties have to decide whether to renew the contract for another year before a critical term of the contract — the service fee amount — is known and agreed upon by the parties.
 {¶ 55} Moreover, the automatic renewal provision violates R.C. 307.86 because this "foot in the door" approval to public service contracts requiring public bid discourages "open and honest competition in bidding for public contracts" and fosters "favoritism." Cedar Bay Constr., Inc. v. Fremont (1990),50 Ohio St.3d 19, 21, quoting Chillicothe Bd. of Edn.v. Sever-Williams Co. (1970), 22 Ohio St.2d 107, 115. Regardless of whether the contract could be terminated with ninety-days notice, the contract could be renewed indefinitely without ever being subject to further competitive bidding. Cf. SentinelSecurity Systems v. Medkeff (1987), 36 Ohio App.3d 86 (three year contract for security service was void and unenforceable after the first year under R.C. 307.86). Pursuant to R.C. 307.86, the contract in this case was void and unenforceable. Appellee, as a matter of law, had the right to bid out and enter into a new contract without written termination.
 {¶ 56} For these reasons, the decision of the Trumbull County Court of Common Pleas should be affirmed.